## WHITE v. AMERICAN LAW BOOK CO.

No. 12688—Opinion Filed Jan. 29, 1924.

Rehearing Denied Feb. 17, 1925.

**1. Attorney and Client — Contingent Fee— Right of Client to Terminate Relationship.**

While a client has the right to terminate his relationship with his attorney at any time, where an attorney is discharged by the client, or is otherwise wrongfully prevented from performing the professional duties for which he was employed, without fault on the part of the attorney, the latter is entitled to compensation, even though the arrangement was for a contingent fee, provided the contingency has taken place.

**2. Same—Compensation — Discharge Without Fault—Measure of Damages.**

Where an attorney is employed at an agreed compensation and fully performs his agreement until discharged without cause, the measure of his damages is the compensation named in the contract.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; O. B. Wilson, Jr., Judge.

Action by the American Law Book Company against H. P. White for balance due under contract for purchase of books, in which defendant sought by cross-petition to offset for legal services rendered plaintiff. Judgment for plaintiff for amount claimed. Defendant appeals. Reversed and remanded for new trial.

H. P. White, for plaintiff in error.

Gray & Palmer, for defendant in error.

Opinion by ESTES, C. The American Law Book Company sued H. P. White, attorney, for a balance due on Cyc and Modern Eloquence. Defendant filed answer and in cross-

petition sought offset for legal services rendered the plaintiff. Judgment on verdict was for plaintiff for full amount claimed, from which defendant appeals. Parties will be referred to as they appear in the trial court.

The record shows that the contract by which defendant purchased Cyc provided for buckram binding, which contract was the basis of the original petition; that by mutual agreement through letters, thereafter, sheep binding was substituted; that defendant accepted the latter and made several payments on the set. A part of this correspondence was shown by the amended petition of plaintiff. Defendant complains that there was thereby a departure in the amended petition, and that plaintiff abandoned the contract and that the suit was on oral contract, against which he pleaded the statute of limitations. We observe, simply, that these objections are technical and wholly without merit under the facts.

The only question to be determined is whether error was committed by the court in the trial of the offset. Plaintiff sent defendant about four accounts against lawyers for collection, obtaining defendant's name from a published list of attorneys. With reference to certain two of said accounts, plaintiff wrote defendant that "upon all monies collected from either of said claims, we shall be ready to allow you a commission of 50%." Defendant performed services in an effort to collect same. Thereafter plaintiff wrote defendant, referring to one of such claims, that it was the instruction of the president of plaintiff company that the company must have $100 at once or the return of the books, advising defendant to guide himself accordingly and report immediately. On receipt of said last letter, defendant procured an agreement from the one debtor to return the books, and so advised the plaintiff. In reply, plaintiff wrote defendant acknowledging the information that debtor was willing to return the books to plaintiff; that same were in Arkansas; that defendant did not consider the account collectible; that for that reason defendant should "return all papers in order that we may have a free hand to decide on further action," and thanked defendant for his efforts. Defendant did return the claim and papers in his hands.

It is apparent that the first agreement was for a contingent fee of 50% of cash collected; that same was modified by the proposition of plaintiff to take $100 in settlement or the return of the books; that defendant accepted such offer and perform-

ed his part of the modified contract by procuring return of, or the offer to return the books. Thus the contingency took place. Then, clearly without the fault of defendant, plaintiff discharged him as its attorney in that particular matter. No evidence was introduced as to the value of the books returned, or agreed to be returned. Since the company offered to take $100 or the books, we think $100 may properly be taken as the basis of the contingent fee. The court should have instructed the jury that in any event, defendant was entitled to $50 on this item under the contract. Whether the contract was fully performed, or defendant was prematurely discharged without his fault, from his employment as to this item, and thereby prevented by plaintiff from fully performing, he was entitled to his fee per contract.

"While, as has been already seen, a client unquestionably has the right to terminate the relationship between himself and his attorney, yet where an attorney is discharged by the client, or if otherwise wrongfully prevented from performing the professional duties for which he was employed, without fault on the part of the attorney, the latter is entitled to compensation." 2 R. C. L., sec. 131, page 1048.

The foregoing is the rule even though the agreement was for a contingent fee, provided the contingency has taken place. 6 C. J. 724; Dolph v. Speckart (Ore.) 186 Pac. 33, 35, and numerous cases therein cited. In some jurisdictions the attorney is permitted to recover on quantum meruit for services actually rendered in such case. Where one employs an attorney and makes an express valid contract for his services, such contract is, generally speaking, conclusive as to the amount of such compensation. If the attorney fully performs his agreement until discharged without cause, the measure of his damages should be the compensation named in the contract. The client, in such case, breaks his contract and at least makes it difficult, and in some cases practically impossible, for an attorney to show the amount of his injury under the rule of quantum meruit. If the client prevents the performance which entitled the attorney to specific recompense, it would seem that such amount and interest from the time it became due may be recovered in an action which sets forth such state of facts. Webb v. Trescony (Cal.) 18 Pac. 796; Dolph v. Speckart, supra.

6 C. J. 293, states:

"According to the weight of authority, the measure of damages for such breach of contract is the full contract price, especially when the attorney's work is substantially

done, unless some other sum has been agreed upon."

The relationship of attorney and client is one of reliance, trust, and confidence. When any element of this relationship is destroyed for whatever reason, the client has the absolute right, in the interest of his own welfare, to discharge the attorney. On such discharge, the fees become due. It is unnecessary to cite authorities to these propositions. The rule for the measure of damages, when the discharge is without fault of the attorney, should be as herein stated, but otherwise under other circumstances.

The court in the instant case did give an instruction that defendant might be allowed fees on quantum meruit, but also told the jury:

"I don't think there is any evidence in the case which shows that there was any collections made and that there was any specific or definite understanding between the parties as to what Mr. White should be paid in the event he failed to make collections of cash due."

In this, there was prejudicial error. It is unnecessary to pass upon the other matters claimed by defendant under his employment.

The judgment is reversed and cause remanded for new trial.

By the Court: It is so ordered.