## WHITE et al. v. AMERICAN LAW BOOK CO.

No. 20019. Opinion Filed March 8, 1932.

Rehearing Denied April 26, 1932.

H. P. White, for plaintiffs in error.

Gray & Palmer, for defendant in error.

CULLISON, J. Plaintiff instituted suit against defendants to recover on a supersedeas bond executed by defendants.

The record discloses that the American Law Book Company instituted suit against H. P. White, defendant, No. 4096 in the district court of Osage county, Okla. Said cause was tried and judgment rendered for plaintiff. The case was appealed to the Supreme Court and new trial granted defendant. 106 Okla. 166, 233 P. 426. The case was retried and judgment rendered in favor of plaintiff.

White and the Citizens Trust Company executed a supersedeas bond, preparatory to appealing said judgment to this court, but defendant White failed and neglected to perfect said appeal to the Supreme Court, and the judgment rendered on June 24, 1927, became final.

Thereafter, plaintiff instituted the suit at bar, seeking to recover upon the bond filed in said cause, and attached to its petition the journal entry of judgment rendered in the case of American Law Book Company, Plaintiff, v. H. P. White, Defendant, No. 4096, and a supersedeas bond executed by the defendants in the case No. 4096, on July 22, 1927.

Defendant White filed his separate answer and cross-petition, wherein he admitted that, on the 24th day of June, 1927, a judgment was rendered by the district court of Osage county, Okla., as per copy of the journal entry of judgment attached to plaintiff's petition, but denied that said judgment was correct.

Defendant White further admitted that he executed a bond, as principal, with the Citizens Trust Company as surety, as per copy attached to plaintiff's petition, but alleged there had been no default in the bond, and that no conditions in said bond had been

broken, and that there was no liability upon either principal or surety on said bond.

Defendant White, in his cross-petition, sought to recover various items of money expended in his own behalf in the defense and appeal of said case No. 4096. The court, upon motion of plaintiff, struck said cross-petition because the same did not state a cause of action.

Defendant Citizens Trust Company filed its separate answer, wherein it denied the allegations of plaintiff's petition except as admitted or explained. Said defendant admitted that it, as surety, executed the bond mentioned in plaintiff's petition, but denied that the conditions of the bond had been broken and that there was any liability upon the Citizens Trust Company.

Defendant Citizens Trust Company, by way of cross-petition, requested that it have and recover judgment against its codefendant, H. P. White, in the amount of any liability incurred as surety on said bond.

The cause came on for trial, and defendants requested a trial by jury, which request was refused by the court. Thereupon plaintiff introduced its evidence showing the amount due on said judgment and the said amount had not been paid. Defendants introduced no evidence at said trial. At the conclusion of the trial, the court found for plaintiff and against defendants on the supersedeas bond. Defendants appealed to this court and allege as error:

"That the trial court erred in denying defendants a trial by jury."

In the consideration of the assignment of error raised by defendants it will be necessary to determine whether there were any controverted questions of fact before the court for determination, such as to entitle defendants to a trial by jury.

Plaintiff's suit is based upon the amount due upon a judgment and the bond given to supersede the judgment. Defendants admit the judgment was secured and admit the execution of the bond, but deny that there was such a breach of the terms and conditions of the bond as to entitle plaintiff to recover.

Defendant White's cross-petition, wherein he attempted to litigate other matters, had been stricken from said cause, so that it was purely a question of law for the court to decide whether or not the terms and conditions of the bond had been breached so as to entitle plaintiff to recover on the bond.

Defendants pleaded no special defense, such as payment, in their answer, so that when the issues were presented to the court, defendants had no grounds to justify a jury trial.

Defendants were defending against a suit on a supersedeas bond for the amount of the judgment previously rendered. The rendition of the judgment was admitted, but defendants attempt to question the correctness of the amount of the judgment which has become final. Said question cannot be readjudicated again. Everything in the judgment was adjudicated in the former suit.

In the case of Hare Mining & Milling Co. v. Keys, 120 Okla. 217, 251 Pac. 77, at page 220 of Okla. Report, in the opinion, this court quotes with approval the case of Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195, where Mr. Justice Field laid down the following rule, which has been consistently adhered to by that court:

" 'In considering the operation of this judgment, it should be borne in mind, as stated by counsel, that there is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * *' "

Under the holding of the United States Supreme Court, all matters before the court in the former case and all matters which might have been presented in the former case have been formerly adjudicated and cannot be relitigated again, so that that portion of defendants' answer questioning the correctness of the amount of the judgment raises no triable issue, because all such matters were decided in the former case.

Under the pleadings upon which the case was tried, the only issue was whether the bond had been breached. Upon this point evidence was introduced and the court found for the plaintiff.

Defendant next contends that the court erred in striking defendant White's cross-

petition. In said cross-petition, defendant White attempted to recover from plaintiff on numerous items such as money paid for preparing, briefing, and filing the former case in the Supreme Court, attorney fees for himself for briefing said cause, and additional attorney fee for orally arguing said cause in the Supreme Court.

These items were expended by defendant in perfecting and carrying out his appeal to this court upon the appeal decided in the case reported in 106 Okla. 166, 233 P. 426.

After said cause was decided in this court, the same was returned to the lower court and retried.

If any of said matters were valid items for counterclaim, they should have been litigated in said cause at the time of the rendition of the judgment in case No. 4096, and if said matters were not litigated at that time, under the holdings of our court, they cannot now be litigated, because the matters that could have been litigated, or that were litigated in the former cause, have been finally determined.

We also observe that when the Supreme Court reversed the trial court in the case reported in 106 Okla. 166, 233 P. 426, this court rendered judgment in favor of the plaintiff in error in the amount of $28.50, which shows that the Supreme Court finally adjudicated the matter of costs at the time of deciding said appeal, so that all matters that defendant White attempted to plead in his cross-petition were matters that had been formerly adjudicated and could not now be relitigated.

In the case of McDuffie v. Geiser Mfg. Co., 41 Okla. 488, 138 P. 1029, at page 495 of Oklahoma Report, this court said:

"It was also said, quoting from Commissioners of Marion County v. Welch, 40 Kan. 770, 20 P. 484: 'A judgment is conclusive of all matters actually litigated, and as to all matters that might, under the pleadings, have been litigated.'

"In City of El Reno v. Cleveland-Trinidad Paving Co., 25 Okla. 648, 107 P. 163, 27 L. R. A. (N. S.) 650, it was held that all questions that were or could have been litigated at that time, by the plaintiff in a former action, or any other property owner of the same class, affecting the validity of the proceedings of the city authorities, or of the contract predicated thereon, must of necessity be res adjudicata. Both opinions review many authorities, and are in full harmony with our conclusions here. The same rule is announced in Engle v. Legg, 39 Okla. 475, 135 P. 1058, wherein it

is said: 'The judgment in a former action, involving the same subject-matter, is conclusive, not only as to defenses which were permitted in such action, but also as to all defenses which might have been but were not presented.' Other Oklahoma cases are Territory ex rel. Jones, County Attorney, v. Hopkins, 9 Okla. 149, 59 P. 980; Pratt v. Ratliff, 10 Okla. 168, 61 P. 523; Pettis v. McClain, 21 Okla. 521, 98 P. 927."

It is evident from the authority just cited that the decision of the trial court in striking defendant White's cross-petition was not error.

We have carefully examined the remaining assignments of error presented by defendants, and find that none of said assignments of error present any grounds upon which there is any reversible error in the proceedings of the trial court.

After full and careful consideration of the record and authorities cited in said cause, we conclude and hold: That the decision of the trial court should be affirmed.

Plaintiff, in its brief, requests that this court render judgment on the supersedeas bond filed in said cause in compliance with Rule 11 of this court.

It is therefore considered, ordered, and adjudged that the plaintiff have and recover from H. P. White and the Citizens Trust Company $288.10, with interest thereon at the rate of 6 per cent. per annum from March 1, 1928, and all costs in said cause.

LESTER, C. J., and RILEY. HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ.. concur. CLARK. V. C. J.. absent. ANDREWS, J., disqualified.