## CARR v. STATE INDUSTRIAL COMMISSION et al.

No. 22830.　Opinion Filed May 10, 1932.

D. B. Horsley, for petitioner.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

ANDREWS, J. This is an original proceeding in this court to review an order of the State Industrial Commission fixing the amount of compensation approved for the petitioner as attorney for the claimant for representing the claimant before the State Industrial Commission and this court on a claim for compensation.

The record shows that the respondent herein, Wm. Rowland, filed with the State Industrial Commission a claim for compensation, and that the State Industrial Commission awarded him compensation; that thereafter the claimant employed the petitioner herein to reopen the case before the State Industrial Commission and to secure, if possible, additional compensation for the claimant; that the petitioner represented the claimant before the State Industrial Commission and that an additional award was made by the State Industrial Commission for the claimant; that that award was reviewed by this court and affirmed; that the petitioner represented the claimant before the State Industrial Commission and before this court; that by virtue of the award the claimant was entitled to $4,139.13; that the insurance carrier issued a draft payable to the claimant in the amount of the award and mailed it to the petitioner at Pawhuska, Okla.; that the claimant was advised by the petitioner of the receipt of the draft; that he was requested by the petitioner to come to the office of the petitioner and sign a receipt for the money; that the claimant went to the office of the petitioner, signed the receipt, and indorsed the draft; that the claimant and the petitioner went to the bank for the purpose of collecting the money on the draft; that they were informed at the bank that the draft would have to be deposited for collection; that the petitioner deposited the draft in the bank for collection, with directions to the bank to credit the proceeds to his account; that the petitioner told the claimant to return in about a week, at which time he would settle with the claimant; that thereafter the claimant re-

ceived a notice that the draft had been paid and that the money was ready for distribution; that the claimant again went to the office of the petitioner; that the petitioner then requested the claimant to pay him a sum equal to 33 1-3 per cent. of the amount collected; that the claimant refused to do this, and offered to pay the petitioner a sum equal to 25 per cent. of the amount collected; that the petitioner refused to accept that amount; that the petitioner kept the money received as the proceeds of the draft; that the claimant made a verbal complaint to the chairman of the State Industrial Commission; that the State Industrial Commission set the matter for hearing; that a hearing was had before the State Industrial Commission; that at that hearing the petitioner filed objections to the State Industrial Commission's making any order; that the order sought to be reviewed herein was made by the State Industrial Commission at the hearing, and that the petitioner filed herein a petition for the review of that order. There is little, if any, question as to the facts hereinbefore stated.

At the hearing the claimant testified that he did not know that the petitioner was depositing the draft in the bank with directions to credit the proceeds to the account of the petitioner. The petitioner contended that the deposit was made with the consent of the claimant. The petitioner testified that he had an agreement with the claimant that he should have an amount equal to 25 per cent. of the amount awarded to and collected by the claimant, and that the claimant was to advance money to pay all of the necessary expenses in prosecuting the claim; that the claimant found that he could not procure the money necessary to pay the costs and expenses; that it was then agreed between the petitioner and the claimant that the claimant would procure the money for the expenses and costs from the brother of the petitioner, and that the claimant would pay the petitioner an amount equal to 33 1-3 per cent. of the amount awarded and paid to him in full compensation for the services of the petitioner and the amounts advanced for costs and expenses by the brother of the petitioner.

The order of the State Industrial Commission allowed the petitioner 15 per cent. of the compensation awarded and paid to the claimant as a fair and reasonable attorney's fee and an additional amount for expenses in the sum of $129.15, making a total of $750 for attorney's fee and expenses.

The petitioner contends that the State Industrial Commission had no jurisdiction to make any order relative to the settlement of his claim for attorney's fee for the reason that no claim for an attorney's fee was filed with the State Industrial Commission. He contends that it is only where the jurisdiction of the State Industrial Commission is invoked by the filing with it of a claim for attorney's fee that the question of the reasonableness of attorney's fee may be determined by the State Industrial Commission.

No claim for attorney's fee was filed by the petitioner with the State Industrial Commission. There was a disagreement between the claimant and the petitioner as to the amount of attorney's fee to be paid by the claimant to the petitioner out of the proceeds of the award made and paid to the claimant. The petitioner obtained the proceeds of the award, and it is evident from the record that, if the petitioner is to receive anything for attorney's fee, it will have to be from the proceeds of the award. The claimant complained to the chairman of the State Industrial Commission as to the action of the petitioner. We think, in view of the liberal construction required to be given to the Workmen's Compensation Act, and the liberal rule as to pleadings therein, that the verbal complaint of the claimant was sufficient to invoke the jurisdiction of the State Industrial Commission to determine the amount of the attorney's fee which is to be paid from the proceeds of the award and as security for the payment of which the petitioner is holding the proceeds of the award.

Section 7298, C. O. S. 1921, provides in part as follows:

"* * * Claims for legal services in connection with any claim arising under this act, and claims for services or treatment rendered or supplies furnished pursuant to section 4, of article 2 of this act, shall not be enforceable unless approved by the Commission. If so approved, such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Commission."

We think that the State Industrial Commission has no jurisdiction over the amount of attorney's fee which a claimant has contracted to pay to an attorney where the payment thereof is not required to be made from the proceeds of the award. We think that the jurisdiction of the State Industrial

Commission as to the approval of attorneys' fees is limited to attorneys' fees which are required to be paid from or sought to be enforced against the proceeds of an award made to an injured workman. When an attorney attempts to enforce the collection of an attorney's fee from the proceeds of an award made by the State Industrial Commission to an injured workman, the State Industrial Commission has jurisdiction to determine the reasonableness of the claim for attorney's fee. The provisions of section 7298, supra, are a part of the provisions of the act intended to protect injured employees. Other provisions thereof are sections 7305 and 7306, O. O. S. 1921. Section 7305, supra, provides that no agreement by any employee to waive his right to compensation under the act shall be valid. Section 7306, supra, provides that:

"Claims for compensation or benefits due under this act shall not be assigned, released or commuted except as provided by this act, and shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived. Compensation and benefits shall be paid only to employees."

Those provisions must be construed together. The claim of an attorney against a claimant for an attorney's fee for services rendered to the claimant before the State Industrial Commission is the claim of a creditor. The proceeds of an award made to a claimant under the act are exempt from levy, execution, attachment, or other remedy for the recovery or collection thereof. The provisions of section 7298 and 7306, supra, prevail over the provisions of section 4100, O. O. S. 1921. The exception is claims for attorneys' fees that have been approved by the State Industrial Commission. When so approved, the claim for attorney's fees is a lien on the proceeds of the award and it may be collected by the attorney from the proceeds thereof. The petitioner, until his claim for attorney's fee was approved by the State Industrial Commission, was without authority of law to hold the proceeds of the draft without the consent of the claimant.

We are not considering a case where a claimant has collected the proceeds of an award and has made a voluntary payment to an attorney for his services on behalf of the claimant. We are here confronted with a case where the proceeds of an award for compensation to an injured workman are being held by an attorney in an attempt to enforce the payment of an attorney's fee that has not been approved by the State Industrial Commission.

In support of his contention the petitioner cites Wilson Drilling Co. v. Beyer, 138 Okla. 248, 280 P. 846. We think that the decision in that case has no application to the facts in the instant case.

We find no error in the order of the State Industrial Commission. For that reason, the petition to review and vacate the same is denied.

RILEY, CULLISON, McNEILL, and KORNEGAY, JJ., concur. SWINDALL, J., concurs, except as to the rule of law stated in the second paragraph of the syllabus. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.