**BRUCE et al. v. ANDERSON et al.**

No. 21767. Opinion Filed Dec. 20, 1932.

Withdrawn, Corrected, and Refiled Jan. 7, 1933.

Bruce & Jefferson, for plaintiffs in error.

R. J. Roberts, for defendants in error.

McNEILL, J. This action is to quiet title. Plaintiffs seek to cancel certain contracts and to have the same removed as a cloud upon the title to their land. The defendants filed separate answers and cross-petitions setting forth their respective claims. However, the real question centers upon the claim of Owens & Paxton for the enforcement of an alleged attorney's lien.

It appears that D. W. Anderson, on April 17, 1927, filed an action in the district court of Seminole county, cause No. 9783, against the defendants Essie Keller, nee Noble, Clayton Noble, a minor, Essie Keller, nee Noble, guardian of Clayton Noble, a minor, John M. Stanley, and Amil H. Japp. That action was also to quiet title to the same land involved in the instant case. The defendants Essie Keller and Clayton Noble, her minor son, asserted their right, title, and interest in said premises, and plaintiffs sought in said action the cancellation of attorneys' contract entered into by John M. Stanley and Amil H. Japp with the said Essie Keller, to recompense them for services to be rendered for the recovery of any interest in said land for the said Essie Keller and her minor son.

The plaintiff D. W. Anderson recovered judgment in said action quieting his title against any claims of said defendants, and said defendants and each of them and all persons claiming by, through, or under them were enjoined and restrained from asserting any right, title, or interest in and to said land hostile to that of said plaintiff D. W. Anderson. In that action, the defendant Essie Keller was represented by Owens & Paxton and the minor by Amil H. Japp, as guardian ad litem. The defendant Essie Keller and the minor Clayton Noble, having been denied any relief on their cross-petitions, appealed from said judgment to the Supreme Court. Upon June 18, 1929, Essie Keller and Amil H. Japp, as "guardian ad litem and attorney for the plaintiff in error," filed in this court a dismissal stating that said cause had been "duly compromised and settled." Thereupon this court entered its order of dismissal on June 18, 1929.

In the answer and cross-petition in the instant case filed by Wister J. Owens, Edmund B. Paxton, and M. L. Thompson, it was alleged that they were the owners of and entitled to the immediate possession of an undivided one-half interest in the land in question by reason of a written contract made on May 11, 1927, between the said Essie Keller and said Wister J. Owens, wherein it was agreed that the said Owens would represent the said Essie Keller in certain litigation involving the title to said

land. This contract was not filed for record. It appears that Paxton was a law partner of Owens & Paxton, and Owens retained M. L. Thompson to represent them in enforcing their rights under said contract with Essie Keller and entered into a written contract with him for one-half of what he might recover for them under said contract.

It also appears that the defendant Charles H. Ducksworth entered into a contract on December 22, 1927, which was filed for record on December 24, 1927, in the office of the county clerk of Seminole county, whereby he claimed an undivided one-twenty-fourth interest in said land on the basis that he had furnished $400 to the said Essie Keller and her husband for the purpose of financing the said Essie Keller in obtaining a case-made in case No. 9783, and on January 16, 1930, filed an action in the district court of Seminole county, being case No. 15119, against the said Essie Keller, D. W. Anderson et al., including said M. L. Thompson, Owens & Paxton to quiet his purported title to the premises involved herein; all of the aforesaid contracts were pleaded in that action.

It is the contention of the defendants Owens & Paxton that they are entitled to have their attorneys' lien enforced; that D. W. Anderson was a party to the compromise settlement and dismissal of aforesaid case in the Supreme Court and that he and his grantees are liable to the amount of the interest in said land as set forth in their contract. They urge that they appeared throughout the case No. 9783 on behalf of the said Essie Keller; that they filed a motion for a new trial, which was overruled; and thereafter they made arrangements with Mr. Japp to file the case-made in the Supreme Court.

It is the theory of the plaintiffs that, by reason of the judgment obtained in No. 9783, said defendants have no right to assert their contract to enforce their attorneys' lien against said plaintiff, and the same constituted a cloud on plaintiffs' title; that Owens & Paxton indorsed an "attorneys lien claimed" on the answer which they filed in said cause. No. 9783, but the same was not indorsed on the answer and cross-petition. We need not consider this question of indorsement in view of the matters hereinafter discussed.

The major question is whether or not the plaintiff D. W. Anderson was a party to the settlement or compromise and dismissal of said cause No. 9783 in the Supreme Court of this state. D. W. Anderson insists he had nothing to do with this settlement and

compromise. The trial court found the issues in favor of the plaintiff, canceling the aforesaid contracts and denying defendants any relief. We are not in accord with that view of the case as it pertains to Owens & Paxton. The record shows that said defendants Owens & Paxton represented the said Essie Keller in the trial court, and there is evidence that they assisted her in perfecting arrangements to obtain a case-made. The case-made contains a stipulation of attorneys to the effect that the same contained a full, true, correct, and complete copy of the transcript, etc., and with the further agreement, to wit:

"The plaintiff waives the right to suggest amendments to said case-made, and hereby consents that the same may be settled without notice, and hereby joins in request of the defendant that the judge of said court settle the same and order the same attested by the court clerk of said court, and filed according to law. * * *"

This was signed, "Willmott, Roberts & Looney, Attorneys for plaintiff, and Owens & Paxton, Amil H. Japp, Attorneys for defendant" as shown by the case-made filed in this court under No. 19538, being the appeal in case No. 9783. It also appears from the record that on June 29, 1928, the attorneys, Owens & Paxton, wrote a letter to Essie Keller, wherein they made the following statement:

"The case-made is a real farce and we will never file it in the Supreme Court, of course, it was never convenient to let us see it until it was too late to do anything. * * *"

It also appears that on July 28, 1928, said D. W. Anderson addressed a letter to W. J. Owens, as follows:

"Wewoka, Oklahoma, July 28, 1928.

"Mr. W. J. Owen, Attorney,
    "Muskogee, Oklahoma.

"Dear Sir:

"Suit Aderson v. Essie Keller. No 1928.

"Essie Keller's uncle was in the office a few days and says that Essie desires to have this suit settled and she wants a few dollars is our guess. We told him that we would have to hear what claims you and Mr. Paxton claimed at this time.

"Please write us what your claims are in this suit at this time as he will be back in a few days. They claim you are out of the case now.

"Yours truly,
        "D. W. Anderson.
    "Wewoka, Oklahoma."

On July 31, 1928, Owens & Paxton re-

plied to the foregoing letter of D. W. Anderson, as follows:

"July 31, 1928.
"Mr. D. W. Anderson,
"Wewoka, Oklahoma.
"Dear Sir:

"Yours of 28th inst. received and the contents noted closely. In reply wish to say that we had just prepared an application to file in the Supreme Court asking to withdraw 'case-made' for the purpose of making some corrections in it. However, we have not been exactly satisfied with the conduct of our clients and Atty. for the minor and the present relationship is not a pleasant one, and we are not overly anxious to continue in the matter further than to get a reasonable compensation for our service.

"We are still attorneys of record in the case, and are inclined to continue that relationship until given some satisfaction. Our contract calls for 50% of the recovery or compromise consideration, and our pleadings as you know are indorsed lien claimed. We are not inclined, however, to interfere with whatever compromise you can make with the Kellers, we will gladly withdraw from the matter and quitclaim you our claim for a reasonable fee for our service rendered, and expense gone to so far. We think a very reasonable fee for what we have done would be $500 or $600 and for that amount we will withdraw and quitclaim all our interest and let the Kellers do as they will or may.

"We will withhold the application we were preparing to file in the Supreme Court for withdrawal and correction of the case-made until we hear from you, this action is only to be for our own protection.

"Yours truly,

"Owens & Paxton."

It is apparent at that time D. W. Anderson had direct information from said attorneys that they claimed an attorneys' lien for their services. It further appeared that Owens testified that Anderson saw the contract between Essie Keller and Owens & Paxton at the time of the trial in said cause No. 9783. This fact does not appear to have been challenged. However, it is insisted on behalf of plaintiffs that the plaintiff D. W. Anderson had nothing to do with the compromise and settlement; that this had been arranged by the royalty owners who had received their interest in the premises while the case was pending on appeal in this court. In the negotiation of the settlement, it does not appear that any one, with the exception of D. W. Anderson, ever inquired of Owens & Paxton whether they were claiming an attorneys' lien for their services. It appears that the said Essie Keller and the minor jointly received the surface right to 40 acres of said land, to wit: Northeast quarter of the northeast quarter of section eighteen (18), township nine (9), range 6 east in Seminole county, Okla., and $4,000 in cash; that the deed to the 40 acres was made by D. W. Anderson direct to Essie Keller, subsequent to the dismissal and the receipt of the letter from Owens & Paxton.

In the light of this record, we conclude that D. W. Anderson placed himself voluntarily in a position whereby he was personally instrumental in effecting said compromise. He was the sole plaintiff, and must have known and realized when he made the deed to Essie Keller, an adverse litigant, that such an act on his part would affect the title to the property, which the court had quieted in his favor as against all interests which Essie Keller claimed under the same.

The trial court seems to have taken the theory that Owens & Paxton were derelict in their duty and were not as diligent as they should have been in prosecuting the appeal on behalf of Essie Keller. It is true that the appeal was lodged in this court on the last day, and from a review of this evidence we conclude that said attorneys Owens & Paxton participated in having the case-made filed in this court, and that the plaintiff D. W. Anderson, in the face of the direct knowledge that they were claiming an attorney's lien, cannot successfully urge the question of their diligence, negligence, and abandonment in reference to the filing of the case-made in this court and the failure of their filing briefs. It does not appear that this court ever considered the briefs which were filed therein, but dismissed said case on the application heretofore referred to.

It does not appear to be denied that Owens & Paxton lent their assistance to Essie Keller in securing the money which was turned over to Mr. Japp to pay for the case-made; that there was some sort of agreement between Owens & Paxton and Mr. Japp in reference to filing the case-made in the Supreme Court and signing their names as attorneys of record on the case-made and on the petition in error as attorneys for Essie Keller. We think that the evidence clearly shows that the defendants Owens & Paxton are entitled to have their attorneys' lien enforced. No question seems to be presented as to the merits of the contract of Ducksworth. We think that the plaintiff is entitled to have his title quieted as against the claims of said defendant Ducksworth. The judgment of the

trial court is affirmed as against the defendant Ducksworth, and reversed and remanded, with directions to enter judgment for Owens & Paxton on their cross-petition, quieting title in them to an undivided one-fourth interest in the surface right to aforesaid 40 acres and for one-fourth of the amount of money received from said Essie Keller, and for such other and further relief as they may be entitled to in the enforcement of their attorneys' lien not inconsistent with the views herein evpressed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

Note: See under (1) annotation in 2 A. L. R. 337; R. C. L. Perm. Supp. p. 613.