**OWENS et al. v. WILSON et al.**

No. 21483. Opinion Filed Dec. 20, 1932.

J. J. Bruce, for plaintiffs in error.

R. J. Roberts, for defendants in error.

McNEILL, J. This action involves a judgment in contempt of court. The parties will be referred to as they appeared below. The plaintiffs D. W. Anderson and Irvin L. Wilson filed suit against J. J. Bruce. Essie Keller, nee Noble, Wister J. Owens, Edmund B. Paxton, M. L. Thompson, and Charles H. Ducksworth, defendants, to have said defendants adjudged in contempt of the judgment of the district court entered on December 13, 1927, in cause No. 9873, entitled D. W. Anderson v. Essie Keller et al., wherein the said Anderson obtained judgment against said defendants quieting his title in and to certain lands in said county, and wherein said defendants were enjoined from asserting any right, title, or interest in and to said land antagonistic to that of said Anderson, the plaintiff herein. A jury was waived and the case was tried to the court on December 30, 1929. Judgment was rendered therein against said defendants, adjudging them in contempt of court by reason of their asserting an interest in said land by virtue of a contract of employment on the part of Owens & Paxton as attorneys in representing the said Essie Keller.

Defendants were also ordered and directed to execute a quitclaim deed to said lands on or before January 4, 1930, or be committed to the county jail of said county to be there imprisoned until they had complied with the order of the court. Motions for new trial were overruled. Notice of appeal was given, and supersedeas bond fixed in the sum of $25,000 each, to be made on January 4, 1930, or be committed to jail, or execute quitclaim deeds.

Defendants contend that they did not claim through Essie Keller by conveyance subsequent to said judgment of December 13, 1927; that their interest in said premises was obtained by reason of a contract prior to the filing of said suit, in which judgment was rendered against their client, and that their rights were not adjudicated in that suit.

It is the theory of the plaintiffs that said defendants clouded their title by reason of said defendants asserting an interest in the lands which had been quieted under the aforesaid judgment in said D. W. Anderson. On the other hand, it is maintained by said defendants Owens & Paxton that, where an attorney is duly employed by client and performs services in connection with the prosecution or defense of a cause of action on behalf of said client, such attorney has a lien upon his client's cause of action or counterclaim; and that where the adverse litigant compromises and settles the cause of action without notice to the attorney, the attorney can enforce his lien against the property without showing that the client would have been successful in the litigation had the cause been tried, citing the following cases in support of their contention: Simpson v. Baker, 123 Okla. 118, 252 P. 834; Callahan v. Cowley & Riddle, 117 Okla. 58, 245 P. 48; White v. American Law Book Co., 106 Okla. 166, 233 P. 426; Orwig v. Emerick, 107 Okla. 134, 231 P. 234. Cressler v. Brown, 79 Okla. 170, 192 P. 417; Lashley v. Moore, 112 Okla. 198, 240 P. 704, and section 4103, C. O. S. 1921 [O. S. 1931, sec. 4206].

The defendants also urge that the plaintiff D. W. Anderson, having compromised and settled the cause of action with Essie Keller, the client of said Owens & Paxton, without the consent of or notice to said attorneys while the appeal was pending in said court, cannot defeat the right of said attorneys to prosecute their claims in a court of equity to adjudicate their rights in the enforcement of their attorneys' lien by institution of the present action for contempt. We consider it unnecessary to discuss the facts in this case which have been set forth in Bruce v. Anderson, 161 Okla. 248, 18 P. (2d) 877, this day decided by this court, which case controls the questions herein involved.

Judgment of the trial court is reversed and remanded, with directions to enter judgment in favor of said defendants adjudging them not guilty of contempt.

48

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., absent.