## In re ALLEN'S GUARDIANSHIP.

No. 27919.    April 19, 1938.

Paul F. Showalter, for appellant.

Charles Edwards and Edwards & Robinson, for appellees.

OSBORN, C. J.  On December 22, 1930, Tallie Allen was declared to be an incompetent by the county court of Oklahoma county.  In October, 1935, said Allen received a certain sum of money as an award under the Workmen's Compensation Act. On February 27, 1936, E. L. Lawrence and Dora Lawrence filed their petition in the county court of said county for allowance and payment out of said funds of a claim against said Tallie Allen in the sum of $630 for rent on two houses occupied at different times by Allen from 1929 until about October, 1934.

A hearing was held and the county court directed payment of the claim in the sum of $480, the balance being barred by the statute of limitations, but reserved as a proposition of law the question whether this money was exempt from claims of creditors under section 13372, O. S. 1931, as amended. After another hearing upon this question of law, the county court held the funds not exempt and directed payment. From the decision of this reserved question of law, the guardian appealed to the district court of Oklahoma county, and the judgment of the county court was affirmed. This is an appeal from the judgment of the district court.

The only question on this appeal which merits consideration is whether section 13372, O. S. 1931, exempts the proceeds of an award under the Workmen's Compensation Act from the claims of creditors of said workman when said proceeds have been paid to the injured workman, or in this case his guardian, and deposited in a bank unmingled with other funds. This particular question has not been directly passed upon by this court.

Section 13372, O. S. 1931, provides:

"Claims for compensation or benefits due under this act shall not be assigned, re-

leased or commuted except as provided by this act, and shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived."

It is the established rule of this court that exemption statutes' are to be given reasonable construction in favor of the purposes and objects of the exemption authorized. State ex rel. Lankford v. Collins, 70 Okla. 323, 174 P. 568. And where there is doubt as to whether or not property should be exempt, such doubt should be resolved in favor of the exemption. Phelan v. Lacey, 51 Okla. 393, 151 P. 1070, L. R. A. 1916B, 786; Hoyt v. Pullman, 51 Okla. 717, 152 P. 386, L. R. A. 1916B, 1288.

In Field v. Goat, 70 Okla. 113, 173 P. 364, this court held the proceeds of a voluntary sale of a homestead were exempt from creditors' claims by virtue of the homestead exemption statute, section 1642, O. S. 1931, if at the time of the sale the debtor in good faith intended to invest the proceeds in another homestead. The above statute was held impliedly to extend to the proceeds under the above circumstances although the statute did not so provide.

In Bogardus v. Salter, 127 Okla. 4, 259 P. 561, this court held the proceeds of a voluntary sale of exempt personal property to be exempt from the claims of creditors for a reasonable time after the sale, if the party intended to invest the proceeds in other exempt property, and that the use of a portion of said proceeds to pay debts and to maintain the debtor's family did not destroy the right to exemption as to the balance.

More directly in point is the case of First National Bank v. Funnell, 144 Okla. 188, 290 P. 177, wherein it was held that under section 10629, O. S. 1931, the proceeds of an insurance policy issued by a mutual benefit association were exempt from the claims of creditors of the beneficiary, although said proceeds had been paid to the beneficiary and by him deposited in a bank. Said section provides that the money or benefits "to be paid, provided or rendered" by such association shall not be liable to attachment by trustee, garnishee. or other process. It was contended by the creditor therein that the proceeds of the policy were exempt under said statute only while in the possession of the association or its agents.

There are few decisions upon the precise question involved in the case at bar. Coun-sel for the defendants in error cite decisions from Michigan, Pennsylvania, and Louisiana. Supporting the contrary holding are New York and Texas. None of the statutory provisions of the various states are identical, but some are substantially the same.

Before examining these decisions of other jurisdictions we should point out that the question herein was briefly discussed by this court in Carr v. State Industrial Commission, 157 Okla. 140, 11 P.2d 134. In that case the attorney for an injured employee obtained possession of the proceeds of the award to said employee by the State Industrial Commission under the Workmen's Compensation Law, and sought to maintain a lien against said money for legal services rendered in the case, but this court held that such a claim was not a lien unless approved by the Industrial Commission in accordance with section 13364, O. S. 1931. Although the opinion therein was based upon the above statute rather than section 13372, O. S. 1931, supra, in the body of the opinion the court stated that the claim of an attorney was the claim of a creditor and the proceeds of such an award were exempt by virtue of section 13372, O. S. 1931, supra, from the claims of creditors.

In Martin v. Wayne Circuit Judge, 200 N. W. 160, the Supreme Court of Michigan held that the exemption provision of the Workmen's Compensation Act of that state, which provided that "no payment under this act shall be * * * held liable * * * for any debts." Comp. Laws Mich. 1915, sec. 5451, did not apply to property purchased with the proceeds of a compensation award. The proceeds of an award paid to the employee and by him deposited in a bank, unmingled with other funds, and not invested, were not involved in the foregoing case. The distinction between the two situations is obvious. Moreover, the Michigan court based the above decision upon the opinion of that court in Recor v. Recor, 106 N. W. 82, which involved an insurance exemption statute similar to section 10629, O. S. 1931, supra. In State ex rel. Lankford v. Collins, supra, wherein this court construed section 10629, O. S. 1931, supra, the Recor Case, supra, is referred to in the opinion, but the court refused to follow it and adopted the more liberal rule of construction.

In Wartella v. Osick, 165 Atl. 660, the Pennsylvania court held compensation paid to an injured employee under the Workmen's Compensation Act and by him deposited in a bank was not exempt from the

claims of creditors by legal process under the statute of that state which provided that "claims for payments due" under this act shall "be exempt from all claims of creditors," etc. In the body of the opinion the court carefully pointed out that it was the established rule of that state to construe strictly any exemption statute, which is contrary to the rule in this state.

The Louisiana Court of Appeals in Hawthorn v. Davis, 140 So. 56, held that compensation payments received by the injured employee are not exempt from the claims of his creditors. The court stated that the exemption statute of the Workmen's Compensation Act which provided "that claims or payments due under this act * * * shall be exempt from all claims of creditors." etc., did not have reference to payments which had been received by the employee, and consequently, after being paid to the employee, the proceeds were subject to the claims of creditors.

The exemption provision of the Workmen's Compensation Act of Texas which provides that "all compensation allowed under the succeeding sections herein shall be exempt from garnishment." etc., Vernon's Ann. Civ. St. Tex. art 8306, sec. 3, is not as similar to the provisions (sec. 13372, O. S. 1931, supra) of this state as that of New York (see post), but the reasoning of the Supreme Court of Texas in Gaddy v. First National Bank, 283 S. W. 472, is applicable to the case at bar. In holding the proceeds of an award received by the injured workman and deposited by him in a bank, unmingled with other funds, were exempt, that court said:

"If the exemption shall obtain only until the employee receives the compensation, it would never benefit him. He cannot use it, because nonassignable, until he actually collects it. Then, if, at that very minute, it is subject to debts and legal writs, there would not be a minute when he could call it his own. He would really have no exemption."

The Court of Appeals of New York in an opinion written by then Chief Justice Cardozo in Surace v. Danna, 248 N. Y. 18, 161 N. E. 315, had under consideration the exemption statute of the Workmen's Compensation Law of that state which provides:

"Compensation or benefits due under this chapter shall * * * be exempt from all claims of creditors," etc. Sec. 33.

The court said:

"By concession the moneys due under the award would have been exempt from the pursuit of creditors before they reached the judgment debtor. The argument is, however, that they became subject to seizure the instant they were paid. If this is so, the exemption is next to futile. * * *

"So narrow a construction thwarts the purpose of the statute. The Workmen's Compensation Law was framed to supply an injured workman with a substitute for wages during the whole or at least a part of the term of disability. He was to be saved from becoming one of the derelicts of society, a fragment of human wreckage. * * * He was to have enough to sustain him in a fashion measurably consistent with his former habits of life during the trying days of readjustment. The cost of such support becomes a charge upon the industry without regard to fault. Rehabilitation of the man, not payment of his ancient debts, is the theme of the statute, and its animating motive.

"The exemption must have a meaning consistent with the policy behind it. Few words are so plain that the context or the occasion is without capacity to enlarge or narrow their extension. The thought behind the phrase proclaims itself misread when the outcome of the reading is injustice or absurdity. * * * We are told that the word 'due' must be held to limit the exemption to the compensation owing and unpaid. But 'due', like words generally (Towne v. Eisner, 245 U. S. 418, 425; Int. Stevedoring Co. v. Haverty. 272 U. S. 50), has a color and a content that can vary with the setting. Compensation due under an act may be a payment presently owing, or one to become due in the future, or one already made, but made because due. i. e., required or commanded (cf. Allen v. Patterson, 7 N. Y. 476; U. S. v. State Bank of N. Carolina, 6 Pet. [U. S.] 29, 36). If the narrow meaning is the commoner, the broader does not strain the word beyond the limits of construction. A workman, holding in his hands a payment made by his employer or an insurance carrier in satisfaction of an award might say not inappropriately that the money so received was due under the statute. * * *

"We are blind to the policy of workmen's compensation, if we say that the purpose of the exemption, thus emphatically guarded is to promote the convenience of the state by withdrawing the occasion for conflicting claims of ownership. * * * At the root of the exemption is something more benignant than bureaucratic formalism, a dislike of complicating documents. The exemption like the compensation is for the protection of the man. * * *

"We infer from the size of the payment to this workman that in this instance lump payments were substituted for the periodical installments. Even so, they represent

a fund for his maintenance while disability continues. His untrammeled use of them for that purpose is as necessary as if the payments were spread over the years. * * *

"The statute now before us protects the dole of the disabled. The end to be served, the mischief to be averted, supply the clews and the keys by which construction must be governed."

We believe the reasoning and conclusion expressed by the New York court is in keeping with the manifest purpose of the Workmen's Compensation Act of this state as expressed by this court in McAlester Colliery Co. v. State Industrial Commission, 85 Okla. 66, 204 P. 630, and in accord with the established rule of this court that exemption statutes are to be given a reasonable construction in favor of the purposes and objects of the exemption authorized; therefore, we elect to follow the opinion of the New York court in the above opinion rather than that expressed by the Louisiana court in Hawthorn v. Davis, supra.

Prior to 1922 the New York statute was identical with section 13372, O. S. 1931, supra, but in 1922 the words "claims for" were stricken from the statute. We do not believe this difference between the statutes requires a stricter interpretation of the statute of this state than that expressed by the New York court in the foregoing decision. The words "claims for" extend the exemption rather than restrict it. It extends the exemption to "claims for" compensation as well as the benefits due under the statute. This appears to be the reasonable construction to place thereon in view of the provisions embodied in this section relative to the assignment, release, or commutation of such a claim.

Counsel for defendants in error rely upon the decision of this court in McGuire v. McGeisey, 179 Okla. 251, 65 P.2d 467. In that case we had under consideration a statute of the United States, 38 U. S. C. A. sec. 454, and it was held that under the federal statute the proceeds of a war risk insurance policy, payable to the insured's estate, were not exempt after it had been paid over to the insured during his lifetime or to his estate after death. However, in the opinion, the court carefully pointed out that it was following the construction placed upon that statute by the United States' courts by stating:

"This question is one relating to a federal statute, and we should endeavor to construe it in keeping with the construction which may be placed thereon by the federal courts, and this can be done only by studying what the federal courts have said concerning similar statutes under similar or analogous fact situations, and applying the principles thus deduced."

Since the case at bar involves the construction of a state statute rather than a federal one, as in McGuire v. McGeisey, supra, the two opinions are not inconsistent.

In accordance with the foregoing conclusions, it follows that the district court of Oklahoma county erred in affirming the order of the county court of said county directing payment of the claim of E. L. Lawrence and Dora Lawrence out of the funds in his hands arising by virtue of the Workmen's Compensation Law.

Judgment of the district court of Oklahoma county is reversed and the cause is remanded, with directions to proceed in conformity to the views herein expressed.

RILEY, PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and WELCH and DAVISON, JJ., absent.