MAYOR et al. v. WILKERSON et al.

No. 29520. Jan. 28, 1941.

Rehearing Denied April 1, 1941.

*111 P. 2d 1069.*

Ernest R. Brown, of Pryor, for plaintiffs in error.

A. Lee Battenfield, R. A. Wilkerson, and Harve N. Langley, per se, all of Pryor, for defendants in error.

CORN, V. C. J. This is an action to recover attorney's fee and to enforce attorney's lien. The basis of the action is a written contract of employment, wherein Ida Mayor employed R. A. Wilkerson and Harve N. Langley, attorneys, to prosecute a civil action against Oliver D. Mayor to recover property and estate inherited by her from her deceased son, Joseph H. Mayor. The action filed by the attorneys was dismissed by Mrs. Mayor before it was prosecuted to final conclusion, and said attorneys brought this action against Ida Mayor and Oliver D. Mayor, jointly, under section 4206, O. S. 1931. Judgment was for the plaintiffs, and the defendants brought this appeal. The parties are referred to herein as plaintiffs and defendants, as they appeared in the trial court.

The defendants' several specifications of error are presented under the general proposition that the judgment is not supported by any competent evidence and is contrary to the law.

The argument of defendants rests upon the theory that the evidence is insufficient to show that a settlement or compromise of the cause of action or claim was made by the adverse party so as to fix liability upon him for the attorney's fee within the purview of the statute.

It appears from the record that after the petition of Ida Mayor was filed in the case against Oliver D. Mayor, an application for the appointment of a receiver for the partnership property of Joseph H. Mayor and Oliver D. Mayor, involved in said action, was presented to the county judge in the absence of the district judge from said county, and a hearing was in progress at the time of the dismissal of the action by the plaintiff, Ida Mayor. The action was dismissed without the consent of or notice to her attorneys, Wilkerson and Langley. The motion for dismissal was drawn by Oliver D. Mayor's attorney of record in the case, and the signing of the same by Ida Mayor was witnessed by Oliver D. Mayor himself, and by one of his employees, H. E. Copeland, and by Mary Copeland. Such facts and circumstances are sufficient to show that Oliver D. Mayor, the adverse party sought to be bound, had some kind of an understanding with his mother, Ida Mayor, whereby she consented to and did dismiss the action. It is immaterial as to what the agreement between them was which induced the dismissal of the action. Whatever it was, it was tantamount to a settlement or compromise of the cause of action or claim involved in the action. Such was the holding of this court in Bruce v. Anderson, 161 Okla. 248, 18 P. 2d 877, wherein it is stated in the first paragraph of the syllabus as follows:

"* * * The means or method used to carry out the arrangement is immaterial, and any means or method producing the result constitutes a settlement or compromise as contemplated by said section."

The fact that Oliver D. Mayor, or others acting in his behalf, procured a dismissal of the action without the knowledge or consent of the attorneys having a lien on the subject of the action renders him liable for the attorneys' fee due or to become due them under their contract of employment. Section 4206, O. S. 1931; Western States Oil & Land Co. v. Helms, 143 Okla. 206, 288 P. 964.

Joseph H. Mayor, deceased, and Oliver D. Mayor were partners and had accumulated considerable property in the partnership. Joseph H. Mayor, deceased, was an unmarried man and was without issue, and his mother, Ida Mayor, was his sole and only heir at law and was entitled by inheritance to his entire estate. The surviving partner, Oliver D. Mayor, entered into a settlement with Ida Mayor whereby she assigned

and conveyed to him all the property of Joseph H. Mayor involved in the partnership for a consideration of $15,-000, one-third of which was paid in cash and the remaining two-thirds was payable in monthly installments of $100 each. The other children of Ida Mayor were displeased and dissatisfied with the settlement, and complained bitterly of the inadequacy and injustice of such settlement. It was their belief that Oliver had taken advantage of his mother in the transaction by concealment, misrepresentation, and fraud and had overreached her in the settlement to an unconscionable extent. Sam Mayor had several consultations with Mr. Wilkerson, one of the attorneys, regarding his mother's case and arranged an appointment for her with the attorney. Mr. Langley was taken into the case, and after extensive investigations had been made by counsel and they had decided to accept the employment, a written contract of employment was entered into by them with Mrs. Mayor before the action was filed. The contract provided a contingent fee of 25 per cent. of all property recovered in excess of $15,000, and 35 per cent. in the event of having to prosecute an appeal.

In this action the plaintiffs alleged in their petition that the fair cash market value of the property involved in the former action was the aggregate of $145,000; that the defendant, Ida Mayor, was entitled to an undivided one-half of said property, or $72,500, and prayed for judgment against Ida Mayor and Oliver D. Mayor in the sum of $14,375, and for an attorney's lien upon all the property involved, and for a reasonable attorney's fee for plaintiffs' attorney for prosecuting this case. Evidence was heard by the trial court as to the fair cash value of the property, and the court specifically found that the undivided one-half interest involved was of the reasonable value of $40,000, which amount was $25,000 in excess of the $15,000 mentioned in the contract. The court further found that the contract of employment of the attorneys was entered into in good faith,

and rendered judgment for the plaintiffs in the sum of $2,500 and impressing a lien upon said property in the hands of the adverse party, Oliver D. Mayor, in favor of the plaintiffs in that amount.

The theory upon which the trial court fixed the amount of the attorney's fee upon a percentage basis less than that provided in the contract is not an issue in this appeal, and it is not necessary, therefore, that it be given consideration herein.

An examination of the record satisfies us of the sufficiency of the evidence to support the judgment of the trial court, and the same is affirmed.

WELCH, C. J., and RILEY, GIBSON, and HURST, JJ., concur.