Harry STEPHENSON and Clem H. Stephenson, Plaintiffs in Error,

v.

Lester HAMMONS, Defendant in Error.

No. 37324.

Supreme Court of Oklahoma.

Jan. 15, 1957.

Rehearing Denied March 12, 1957.

Harry Stephenson, Okemah, Clem H. Stephenson, Seminole, for plaintiffs in error.

Leon C. Phillips, Okemah, for defendant in error.

PER CURIAM.

This action was commenced in Okfuskee County by the defendant in error, hereinafter called the plaintiff, to recover the amount of an award made to him by the State Industrial Commission against the State Insurance Fund. The State Insurance Fund and its officers, together with the two attorneys who represented the plaintiff, were the defendants. In his petition the plaintiff pleaded that he had received an award from which he was entitled to $387.10, after allowing all fees authorized by the Commission; that a draft drawn on the State Insurance Fund for this amount had been delivered to the attorney who represented him before the Industrial Commission (one of the plaintiffs in error); that the attorney's fee authorized by the Commission was also forwarded by separate voucher; that he had advised the State Insurance Fund that he had not been paid and had demanded payment from its officers; that he was entitled to judgment for this amount. Service of summons was had on the various defendants in their respective counties; Harry Stephenson, in Okfuskee County, Clem H. Stephenson, in Seminole County, and The Insurance Fund and its officers in Oklahoma County.

The State Insurance Fund immediately filed a pleading which was entitled a "Disclaimer" but which in fact stated that the Insurance Fund held the money for which suit was brought and was ready to pay it out as directed by the court. This pleading admitted the facts alleged in the plaintiff's petition and, in addition, stated that when it learned that plaintiff's attorney was asserting a lien on the voucher payable to plaintiff it ordered the State Treasurer to stop payment on said voucher. The plaintiffs in error filed motions, which were overruled, objecting to the jurisdiction of the court over their persons.

In reply to the "disclaimer" the plaintiff moved for judgment against the Insurance Fund, to which motion the Fund answered, reaffirming its position as a stakeholder and its willingness to pay the money as directed by the court. The court thereupon entered an order requiring the Fund to pay the money into court. At the same time the defendant, Clem H. Stephen-

son, voluntarily delivered the cancelled voucher to the court clerk, who delivered it to the State Insurance Fund by order of the court. Both plaintiffs in error thereafter filed answers containing general denials. In addition, Clem H. Stephenson included in his answer the following allegation:

"This defendant further denies that plaintiff is entitled to the funds deposited with the clerk of this court."

When the case was set for trial the demand of plaintiffs in error for a jury trial was denied by the court on the basis that only questions of law were involved.

Just prior to trial counsel and the court engaged in a discussion of what the issues in the case were, and at this time the defendant, Clem H. Stephenson, made it abundantly clear in the record that he was asserting a lien on the money for an attorney's fee he claimed the plaintiff owed him. Referring to his general denial he said:

"If I had asked for an affirmative relief in this case, I would have submitted myself to the jurisdiction of the Court and would thereby have agreed that this court had jurisdiction. That's a question that is still before the Court. It has been my contention continuously that this was an action between the plaintiff in this case and myself and not between the plaintiff and any other defendant in the case; that the venue of this action is improperly laid, and for that reason I could not, without waiving the objection to the jurisdiction of the Court, raise any affirmative defense. I have set out that the plaintiff in this case is not entitled to the proceeds that are on deposit with the Court Clerk and made it as a defense."

In making his position explicit, he further stated:

"Mr. Clem H. Stephenson: It is my contention that I have an attorney's lien, dependent upon possession.

"Mr. Phillips: It isn't pleaded in the case.

"Mr. Clem H. Stephenson: I don't have to plead it. It's a defense, I'd be asking for affirmative relief, and I'm not going to do that in this case because you don't have jurisdiction of it."

His request for a jury was once more overruled, whereupon he requested and was granted permission to make an opening statement on the merits of his claim. This statement by the defendant, an attorney who represented himself, and the evidence which he introduced, all concerned prior dealings in which he represented the plaintiff, totally unconnected with the Industrial Commission case, and for which he claimed a fee. In the statement he admitted all the facts alleged by the plaintiff and by the State Insurance Fund in its answer, but asserted his right to a lien on the plaintiff's award by reason of his prior representation of him. The trial court permitted the introduction of this testimony, but stated that he felt it was all "incompetent, irrelevant, and immaterial."

The court entered judgment directing the court clerk to pay the money to the plaintiff and the defendants to pay the costs. The defendants appeal, asserting the court erred in overruling their objection to jurisdiction and in denying them a jury trial.

 The defendant, Harry Stephenson, offers no authority in support of his motion to quash, and we are unable to perceive any merit to this proposition. Furthermore, assuming, without deciding, that the court did err in denying Clem H. Stephenson's objection to the court's jurisdiction over him, it is apparent that he was in truth and fact seeking affirmative relief and thereby entered his general appearance. Hecker v. Sadler, 176 Okl. 34, 54 P.2d 382. His answer, by his own admission in open court, was apparently to avoid stating his real claim, which was the establishment of a lien upon the award, and which was the very issue submitted to and

**320**

decided by the trial court. The issue at the time of trial was, in fact, whether the defendant could hold the Industrial Commission award by virtue of his asserted lien for attorney's fee. Liability for the amount for which plaintiff sued had already been admitted by the State Insurance Fund and the money paid into court. Had the defendant correctly pleaded the claim he was actually asserting, and which all parties and the court understood to be his real claim, it would have been even more obvious in the pleadings that only a question of law was involved. The issue then was a question of law, not fact. The proper determination of this issue left no issue of fact for the determination of a jury as the trial court correctly pointed out on several occasions. Where only issues of law are involved, it is not error to deny a jury trial. White v. American Law Book Co., 157 Okl. 32, 10 P.2d 699. The trial court was also correct in denying the lien claimed by the defendant. We have heretofore held that such a lien could not be asserted against an Industrial Commission award, or the proceeds thereof, so long as they can be identified. In re Allen's Guardianship, 182 Okl. 512, 78 P.2d 700; Carr v. State Industrial Commission, 157 Okl. 140, 11 P.2d 134.

The judgment of the court was correct, and it is affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, JACKSON and CARLILE, JJ., concur.

BLACKBIRD, J., concurs in the result.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease, and approved by Commissioners Jean R. Reed and J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.