## LINKUGEL v. LINKUGEL.

No. 9335—Opinion Filed Dec. 31, 1918.

Rehearing Denied Sept. 9, 1919.

(183 Pac. 55.)

### Divorce—Appeal from Decree—Jurisdiction —Statute.

Where an appeal is prosecuted for the purpose of having reviewed the judgment and decree granting a divorce, awarding permanent alimony and the custody of a minor child, the notice of intention to appeal must be filed within 10 days from the date of the decree, and the appeal must be perfected with 4 months, as prescribed by section 4971, Rev. Laws 1910, otherwise this court is without jurisdiction to entertain the appeal.

(Syllabus by Galbraith, C.)

Error from District Court, Cotton County; Cham Jones, Judge.

Action for divorce by Helena Linkugel against Frank W. Linkugel. Decree for plaintiff granting an absolute divorce, permanent alimony, custody of a minor child, its support, and counsel fees, and defendant brings error. Dismissed.

W. C. Henderson, for plaintiff in error.

Amil H. Japp and Walter Hubbell, for defendant in error.

Opinion by GALBRAITH, C. The defendant in error, as plaintiff in the trial court, commenced this action against the plaintiff in error, as defendant, for divorce, alimony, and the custody of a minor child, the ground for divorce being extreme cruelty and nonsupport.

The court, at the close of the evidence, found:

"That the facts alleged in the plaintiff's petition are true; * * * that the defendant has been guilty of extreme cruelty towards this plaintiff; and said defendant has also been guilty of gross neglect of duty towards this plaintiff; * * * that the defendant owned a quarter section of land in Cotton county, valued at $5,000, against which there was a mortgage of $2,700, and that he owned two mules, two mares, two mule colts, three calves, two milch cows, one hog, one automobile, and 60 acres of wheat"

—and awarded the plaintiff permanent alimony in the sum of $1,000, also awarded her custody of the minor child, and directed the defendant to pay to the plaintiff $5 per month for the support of the child, and $70 as fee for the plaintiff's attorney, and making said sum a lien upon the real and personal property owned by the defendant.

The court also found that the plaintiff was entitled to decree of absolute divorce, and awarded the same. To the decree the defendant excepted, and asked and was granted an extension of time of 90 days to prepare an appeal to the Supreme Court. By an order made in April following, the time for perfecting the appeal was further extended for 60 days. The decree was announced on the 5th day of February, 1917, and the petition in error and the case-made filed in this court on the 1st day of August, 1917.

There are four assignments of error presented in the petition in error, as follows:

"(1) The court erred in rendering judgment in favor of the defendant in error, the plaintiff below, for divorce, alimony, and custody of the minor child, because the evidence was wholly insufficient to entitle plaintiff to the decree.

"(2) The court erred in rendering the judgment in favor of the plaintiff because the evidence wholly failed to and was insufficient to support the charges contained in the petition, and the evidence wholly failed to establish that the plaintiff in error, who was the defendant below, had been guilty either of cruel treatment or gross neglect of duty, as alleged in the said petition, and the evidence was wholly insufficient to support the judgment for divorce or for alimony or the custody of the minor child, and said judgment is contrary to the evidence, and the evidence is insufficient to support said judgment.

"(3) The court erred in overruling the demurrer of the plaintiff in error, who was defendant below, to the evidence of the defendant in error, who was plaintiff below, because the evidence wholly failed to support the allegations of the petition, and said evidence was insufficient to support the judgment in favor of the plaintiff.

"(4) The court erred in overruling the motion for new trial of the plaintiff in error, the defendant below, which ruling of the court was duly excepted to, and exceptions allowed. Case-made, page 237."

The brief of the plaintiff in error, after setting out these assignments, continues as follows:

"The foregoing four specifications of error all relate to the insufficiency of the evidence to support the judgment, and will be presented together."

It thus appears that the plaintiff in error has not only appealed from the decree allowing alimony, but has appealed from the decree of divorce as well.

It appears from the record that no notice of his intention to appeal from the decree granting the divorce was filed with the clerk of the court within 10 days, as re-

quired by section 4971, Rev. Laws 1910. It also appears that the proceedings in error were not filed in this court within 4 months from the date of the decree of divorce, as required by section 4971, supra, the divorce having been granted February 5, 1917, and the petition in error and the case-made were not filed in this court until August 1, 1917, thereafter. The written notice of intention to appeal and the 4-month limitation prescribed in said section are jurisdictional. It, therefore, appears that this court is without jurisdiction to entertain said appeal, and the same should be dismissed. Lewis v. Lewis, 39 Okla. 407, 135 Pac. 397.

It is therefore ordered that the appeal be dismissed.

By the Court: It is so ordered.