### HECKER v. SADLER.

No. 25361. Feb. 11, 1936.

Robert J. Keevan and Owen F. Renegar, for plaintiff in error.

Everest, McKenzie & Gibbens, for defendant in error.

PER CURIAM. This is an appeal on behalf of the plaintiff in error, B. J. Hecker, from the district court of Oklahoma county. The plaintiff in error was defendant in the trial court, and the defendant in error was the plaintiff; we will refer to them as plaintiff and defendant, as they appeared in the trial court.

There seems to be no serious dispute as to the facts in the case. On the 22nd day of May. 1930, the plaintiff instituted an action against several defendants, all of whom were personally served with summons, except the defendant B. J. Hecker. It was an action to quiet title in the plaintiff to lots 43 and 44 in block 18, Walnut Grove addition to Oklahoma City, Okla.

It appears that, although personal summons was served on all the other defendants, no personal summons was served on the defendant, B. J. Hecker. and on September 18, 1930, an affidavit for service by publication was duly filed and service by publication was begun; that on the 22nd day of September, 1930. and within six days after the first publication of notice an affidavit of mailing was filed, and on the 7th day of November, 1930. judgment by default was rendered, quieting title to said property in the plaintiff. On April 10, 1931, the defendant B. J. Hecker filed his petition to vacate said default judgment, and thereafter, after obtaining leave of court to file an amended motion to vacate and set aside said judgment, in lieu of the original motion to vacate and set aside the same, and on May 19, 1932, an amended motion to vacate and set aside said default judgment, with an answer attached, was filed in said cause. On the 8th day of December, 1933, the trial court overruled the amended motion of defendant to vacate and set aside said judgment, and entered judgment for plaintiff quieting title to said property in plaintiff.

Motion for new trial was duly filed, and this appeal regularly filed in this court.

The primary question involved in this case is, whether or not the default judgment, quieting title in the plaintiff, should be vacated and set aside on the showing made by the defendant, and whether or not plaintiff complied with the statutory provisions governing judgment by default; also, whether the service by publication was

complete and legal as to the defendant in this case. If the statutory provisions in this connection have not been complied with, and defendant was not properly served by publication, or if defendant did not enter his appearance in said cause for all purposes, then, of necessity, the judgment entered in this case must be set aside, and the cause reversed and remanded. We will first take up this phase of the case and look to the service.

Section 186, Okla. Stats. 1931, provides as follows:

"Where service by publication is proper a copy of the petition, with copy of the publication notice attached thereto, shall, within six days after the first publication is made, be inclosed in an envelope addressed to the defendant at his place of residence or business, postage prepaid, and deposited in the nearest post office, unless the plaintiff shall make and file an affidavit that such residence or place of business is unknown to the plaintiff and cannot be ascertained by any means within the control of the plaintiff."

The affidavit of mailing copy of petition and notice of publication, as required by statute, was made by Mr. Everest, one of the attorneys for the plaintiff, and appears regular on its face. There was some testimony, however, in which Mr. Everest testified that, while he had no personal recollection of actually walking to the post office building and depositing the letter in the post office, it was his best judgment, in view of the affidavit of mailing which he had made, that he did actually do the mailing; that he would not say that he walked up to the post office building; that he might have deposited the letter in a mail box; that the envelope did not contain the street address of the defendant; that the same was addressed to the town of Hannibal, Mo., which was the last-known address of the defendant.

The defendant testified that he never received the letter containing copy of the petition or publication notice.

Defendant seeks to reverse the judgment of the lower court and presents his argument in support thereof on two propositions, to wit:

"(1) To avoid the reopening of a cause as provided in section 256, C. O. S. 1921 (sec. 186, Okla. Stat. 1931), by contending that section 186, Okla. Stat. 1931, has been complied with, it is necessary that it be shown that section 186, Okla. Stat. 1931, has been strictly complied with."

"(2) To strictly comply with section 186, Okla. Stat. 1931, it is necessary that the notice and copy of petition within the time provided be (a) inclosed in an envelope addressed to the defendant at his place of residence or business, postage prepaid, (b) deposited in the nearest post office, etc."

In connection with the contention that plaintiff failed to strictly comply with section 186, Okla. Stat. 1931, for the reason that there is no positive testimony that the envelope containing the notice and copy of the petition was actually deposited in the post office, we are constrained to follow the rule, so well stated in 45 Corpus Juris, 559, to wit:

"Depositing a duly addressed and postpaid letter containing a notice in a public letter box established by the post office department in any place other than the post office, is equivalent to depositing it in the post office; but depositing it in a private letter box is not a deposit in the post office."

The Supreme Court of Michigan, in Wood v. Callaghan. 28 N. W. 162, adheres to this rule of construction in the following language, to wit:

"The street boxes and street delivery are a legal part of the post-office system, and a letter deposited in one of these must be considered as being delivered at the post office."

The Supreme Court of Maine, in the case of Casco Nat. Bank v. Shaw, 10 Atl. 67, also held:

"Depositing notice of dishonor in a street letter box established by the post-office department is proper mailing."

This rule has also been announced by the Supreme Court of Massachusetts in Johnson v. Brown, 27 N. E. 994. The court said:

"The deposit of a notice of protest in a letter box on the street is in legal effect the same as depositing it in a box at the post office."

We think this is the modern rule of interpretation of the law, and that a letter deposited in a letter box as a receiving box for deposit of mail, having been so designated by the Postmaster General, must be considered as a legal part of the post-office system, and hence deposit therein of a letter containing a notice of publication and copy of petition as provided by section 186, Okla. Stat. 1931, is strict compliance with said statute. It would be difficult to say that, in view of our modern method of the handling of our vast mail system,

a letter box of the postal department. so designated by the Postmaster General, could be construed other than a legal part of the post-office system.

The next serious assignment of error urged by defendant is that the envelope containing the notice of publication and copy of petition was not properly addressed to the defendant, and therefore was not strict compliance with section 186, Okla. Stat. 1931. The pertinent language in connection with this question as used in section 186, Okla. Stat. 1931, is as follows:

"Addressed to the defendant at his place of residence or business, postage prepaid."

The Supreme Court of Minnesota, in construing a similar statute, in the case of MacLean v. Reynolds, 220 N. W. 435, held that:

"Place of residence, as used in the statute, refers to the municipality in which the addressee lives and not the house he occupies as a home."

It would seem that in the enactment of section 186, Okla. Stat. 1931, it was the intention of the Legislature to require the plaintiff to address the envelope containing the notice of publication and copy of petition to the town or city where the defendant lives, if known—that is to say. to that political subdivision of the state where the addressee gets his mail.

But aside from this, there is indeed a vital and serious question which is decisive, as to whether or not Hecker, the defendant, entered his appearance for all purposes when he filed an answer and general denial in this case, in which he demanded strict proof of plaintiff's cause of action and which was duly filed on behalf of defendant more than a year before he alleged that he did not know the action was pending.

It appears that the defendant employed an attorney, Mr. Robert J. Keevan, to represent him when he found that said cause was pending against him and that his said attorney filed the answer in this cause on the 13th day of November, 1930, and in this answer the defendant filed a general denial and asked for affirmative relief. True, that in March, 1931, the answer was stricken, on motion of the plaintiff; however, Mr. Keevan was the duly employed attorney for the defendant at that time and still appears as attorney in this case, and has actively participated in the presentation of this appeal. Laying aside all consideration of the other questions urged by counsel for defendant on this appeal, which we have passed upon herein, can it be said that the defendant, after filing his answer, which was a general denial and in which he sought affirmative relief, did not enter his general appearance in this cause and thereby had his day in court? The orderly process of the law does not permit such a contradictory attitude, and we cannot pass unnoticed this effort to assume such a contradictory position in this connection.

It is well settled that if a defendant invokes the judgment of the court upon any question, except that of the power of the court to hear and decide the cause, his appearance is general. It is also the rule of law in this state, well supported by the leading decisions in most jurisdictions, that whether an appearance is general or special does not depend upon the form of the pleading, but upon its substance. It is academic that an answer by a defendant completes the issue, so far as he is concerned, and thus he is in court for all purposes.

The defendant, in addition to the answer he had previously filed, afterwards filed a pleading in which he stated that the attorney who filed the answer on his behalf was inexperienced and neglectful, and yet this same attorney, as the records show, still represents the defendant in this cause, and has appeared for him all along. The defendant is bound by the acts of his attorney, unless he can show fraud on the part of his attorney, and that is not charged in this cause.

We therefore conclude that the defendant is bound by the acts of his attorney, and when the answer was filed on his behalf he was in court for all purposes. There is no more solemn declaration of the law, which is the very cornerstone of our jurisprudence, than that every litigant shall have his day in court, but the record in this case discloses that defendant has had his day in court, and that the judgment of the trial court was regular and the procedure as outlined in the statutes has been strictly complied with.

The judgment of the lower court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Prentiss E. Rowe, Claude C. McCollum, and J. B. Sowder in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme

Court. After the analysis of law and facts was prepared by Mr. Rowe and approved by Mr. McCollum and Mr. Sowder, the cause was assigned to a member of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, V. C. J., and RILEY, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.