### BAGSBY v. BAGSBY.

No. 28114. April 11, 1939.

John R. Miller, L. O. Lytle, Roy T. Wildman, J. V. Frazier, and Rex H. Anspaugh, for plaintiff in error.

L. J. Burt, for defendant in error.

DANNER, J. The plaintiff was granted a divorce from his wife during her absence from the state. He obtained service of summons by publication. During a second succeeding term of court, having discovered the fact, the defendant filed a verified petition to vacate the judgment on the ground that the plaintiff, by filing a false affidavit, had fraudulently induced the court to assume jurisdiction. Attached to the petition was the copy of the judgment sought to be vacated, and the proposed answer and cross-petition of the defendant. Issue was joined and trial had, at which evidence was heard, and the trial judge sustained defendant's petition and vacated the decree of divorce, and from the order vacating the decree the plaintiff appeals.

In his affidavit to obtain service by publication the plaintiff swore in substance that defendant was a nonresident, that he did not know of her whereabouts, that he had made diligent inquiry to learn of her address, and had been unsuccessful. On the strength of those representations the court permitted the plaintiff to obtain service by publication without mailing a copy of the petition to defendant or otherwise notifying her of the pendency of the action.

Defendant's petition to vacate alleged, and the evidence overwhelmingly established, that the foregoing representations of the plaintiff were utterly false. It was shown that he ran her away, that a friend of his took her to the train, that she told him, and the friend heard her tell him, that she was going to stay with a sister of hers at a certain named street address in St. Joseph, Mo., where she did go and where she remained until long after the divorce was granted; that her mother lived in the city of plaintiff's residence and plaintiff knew it, yet made no inquiry of her as to defendant's whereabouts; that defendant likewise had a brother and a sister in town known to plaintiff and from whom plaintiff could have learned her address, yet he made no inquiry of them; that shortly after defendant arrived in St. Joseph she wrote plaintiff, in an envelope with her return address on it. Most of the foregoing testimony was undisputed. Furthermore, the plaintiff admitted that defendant had told him she was going to her sister's in St. Joseph, that such place was her last known address, yet he had not sent a copy of the petition there. Even now, there is no contention in the brief of plaintiff that the evidence indicated anything contrary to the fact, which is virtually admitted, that he obtained ostensible jurisdiction by committing perjury and fraud on the court as to a jurisdictional fact.

Therefore, according to the evidence, by deliberately falsifying under oath, and to the court itself, the plaintiff induced the court to assume jurisdiction, the defendant was kept in ignorance of the suit, and she was never accorded any opportunity to appear and save any portion of the property of the union which, it is said, was accumulated largely by her own efforts.

The pleadings do not indicate under just what sections of our statutes the present proceeding was instituted. The parties brief the case under subdivision 4 of section 556, O. S. 1931, 12 Okla. St. Ann. sec. 1031, providing that the district court shall have power to vacate or modify its

own judgments or orders, at or after the term in which the judgment or order was made, for fraud practiced by the successful party in obtaining the judgment or order. The plaintiff in appealing raises several questions under that statute, but we are of the opinion that regardless of the merits thereof the judgment had to be opened anyway under the provisions of section 189, O. S. 1931, 12 Okla. St. Ann. sec. 176, dealing with opening judgments entered without other service than by publication in a newspaper, such as the instant case. That section reads:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court requires them to be paid, and make it appear to the satisfaction of the court, by affidavit, or other evidence, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; but the title to any property, the subject of the judgment or order sought to be opened, which, by it, or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment. The adverse party, on the hearing of an application to open a judgment or order, as provided by this section, shall be allowed to present counter affidavits or other evidence to show that during the pendency of the action the applicant had notice thereof in time to appear in court and make his defense."

Section 556, supra, deals with vacating or modifying judgments, while the section just copied (189) merely "opens" judgments. The judgment appealed from vacated the former judgment, but, in view of the defendant's cross-petition, which was neither dismissed nor acted upon, it is apparent that all the defendant sought was the opening of the judgment, hence we proceed under the latter-named section.

The first requirement is that the proceeding to open must be brought within three years after the judgment. That requirement is satisfied.

The next is that before the judgment shall be opened the applicant shall give notice to the adverse party of his inten-tion to make such an application. The sentence in its entirety means that the adverse party shall be given notice prior to presentation of the application to court, and it is not required that the adverse party shall be given notice even prior to the filing of the application. We are not at present concerned with the length of notice. The proceeding under this section, to open a judgment, is usually begun by a pleading called a motion or application. If instead of labeling it an application the pleading is called a petition, as it was in this case, it is sufficient. The same is true if the notice is given by way of summons, as it was in this case. The plaintiff on two or three occasions was served with summons or alias summons, and had ample notice. There is no complaint over the time element as affecting the question of notice. We hold that the notice was sufficient.

The next requirement is that the applicant shall file a full answer to the petition. The plaintiff asserts that the defendant filed only a general denial and that this does not satisfy the statute. It cannot strictly be said that the defendant's answer consisted of a general denial only. Furthermore, it is obvious that what constitutes a "full answer" must vary with the case, and certainly it must vary in accordance with the petition which is being answered. Plaintiff's divorce petition contained but four paragraphs. In the first he set forth the usual residential requirements. The answer herein admitted the truth of that paragraph. In the second he set forth the place and date of the marriage of the parties, and that of said marriage no children were born. The answer herein admitted the truth of that paragraph. The third paragraph set forth the only ground for divorce, being an allegation that more than a year prior thereto the defendant abandoned and deserted the plaintiff without any cause or provocation whatsoever and had ever since remained wholly away from him and had not communicated with him. As to this paragraph the answer of defendant was a general denial, denying "each and every material allegation" thereof. It is hard to conceive what she could have alleged, in view of the simplicity of his allegations, other than that she did not desert or abandon him. Her defense consisted of the mere negation of his allegation, and it was well supported by evidence. We hold that under the facts of this particular case the judgment should not be reversed for the failure to file a fuller answer to the simple allegation that she abandoned and deserted him.

The next requirement is that the applicant pay all costs if the court require them to be paid. The court made no such requirement. Prior to our adoption of this section from Kansas the Supreme Court of that state held, in Stewart et al. v. Scully, 46 Kan. 491, 26 P. 957, that:

"Where a defendant applies to have a judgment which was rendered without other service than by publication opened up, and that he be permitted to make a defense, he may, in the discretion of the court, be required to pay all costs before his application will be granted; but a formal offer, by answer or otherwise, to pay costs is not a prerequisite to the hearing or granting of the application."

Recognizing that the statute does not require a formal offer of cost payment, but necessitates such payment only if the court require it, we agree with the ruling of the Kansas court.

The next requirement is that the applicant must make it appear to the satisfaction of the court, by affidavit or other evidence, that during pendency of the action he had no actual notice thereof in time to appear in court and make a defense. It is noticed that the applicant may make said proof by affidavit "or other" evidence. The uncontroverted evidence of the defendant in the instant hearing was that she had no actual notice of pendency of the action until long after rendition of the judgment.

We also observe the provision in the section concerning title to property acquired by purchasers in good faith. The trial judge entered his order enjoining the plaintiff from alienating any of the community property, pending further proceedings or until the further order of the court. Therefore that portion of the section does not prove to be an obstacle in this particular case.

The plaintiff also asserts that defendant by filing her cross-petition seeking divorce thereby entered her appearance in the case, and that this waived any prior defect in the process of obtaining jurisdiction over her person. But the right to open the judgment under this section is not dependent upon any defect in the process of obtaining jurisdiction; it exists even though defendant was already "in court" pursuant only to valid service by publication in a newspaper. Illustrating, let us assume that plaintiff in good faith really had exercised diligence to ascertain defendant's whereabouts and in fact did not know and was unable to learn her last known address, so that the failure to mail a copy of the petition was excusable, thus authorizing valid service only by mere publication in a newspaper; nevertheless defendant could come in under this statute and open up the judgment, not because the court had failed to acquire jurisdiction but simply because of the right granted by the statute. Plaintiff's argument is not applicable to this statute, however applicable it may be to situations involving defective service of summons. It should be borne in mind that the statute under which we are proceeding does not contemplate the vacating of a judgment, but the opening up of a judgment, so that the defendant may be let in to defend or take other action on the merits of the case. If she has thereby in some manner entered her appearance, it is immaterial under the provisions of this section. For that matter, a defendant who has been served in no manner other than by publication in a newspaper, and who does not question the jurisdiction of the court to render the judgment which was rendered, and who does not question the jurisdiction of the court over the person of the defendant, may nevertheless use this section to "open" the judgment for the purpose of being let in to defend on the merits.

As authority for his argument in the above connection, the plaintiff cites Ziska v. Avey et al., 36 Okla. 405, 122 P. 722, holding that where a party against whom a judgment has been rendered files a motion to vacate the judgment on the ground that the court had not obtained jurisdiction over the defendant, and said motion is based upon nonjurisdictional as well as jurisdictional grounds, that thereby said party enters a general appearance as though said appearance had been made at the trial. In a case similar to the present one the trial judge held that by reason of Ziska v. Avey the defendants had entered their appearance, and this court reversed the judgment on the reasoning herein employed. Wise v. Davis, 132 Okla. 65, 269 P. 248, 250. That opinion should be read at length; it discusses the distinction clearly. There is no need of quotation therefrom. It was pointed out that the opening of a judgment under the provisions of this section is entirely independent of questions affecting jurisdiction over the person of defendant. The section gives the defendant the right to open up a judgment rendered without service other than by newspaper publication, even though he enters his general appearance in seeking to open the judgment. In Wise v. Davis, supra, the defendants admitted that having alleged nonjurisdic-

tional grounds they could not assail defects in the service by publication, but contended that the allegation of nonjurisdictional grounds in their application to open the judgment would not preclude them from the benefits of the statute relied upon. The opinion honored the correctness of that contention.

There are no other contentions of the plaintiff which require discussion. The judgment is modified in the respect that instead of vacating the former judgment that judgment is hereby opened, so that the defendant may be let in to defend upon the merits of the action or to prosecute her cross-petition if she so desires. As thus modified, the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, CORN, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN, J., absent.