GUPTON v. WESTERN KENNEL CLUB et al.

No. 31213. Jan. 25, 1944.

*145 P. 2d 179.*

W. E. Hudson and R. D. Hudson, both of Tulsa, for plaintiff in error.

Arthur H. Dolman, of Oklahoma City, for defendants in error.

CORN, C. J. This is an appeal from a judgment adjudging and decreeing the satisfaction of a judgment, and directing entry of satisfaction and release of record by the clerk of the court.

The judgment sought to be canceled and released of record was rendered in an action in the district court of Tulsa county. The judgment debtors, the defendants in said action, filed an application in the original case alleging that the judgment had been paid and satisfied, but that the assignee and owner of the judgment, whose duty it was to release and discharge the same of record, had failed and refused to release the same, and, instead of so doing, had fraudulently assigned the same to the respondent, without consideration, to be held by her for his benefit and convenience.

The respondent was served with summons in Craig county, Okla. She appeared specially and objected to the jurisdiction of the district court of Tulsa county on the alleged ground that the venue of such proceeding was in the county of her residence, Craig county, where, she contends, a separate and independent action was the necessary proceeding.

The trial court overruled her plea and proceeded to hear the evidence upon the merits of the application, and at the conclusion of the evidence rendered judgment for the defendants satisfying the judgment as aforesaid, and the respondent brings this appeal.

The appeal is submitted on the sole proposition that the service of summons was invalid, since the proceeding was brought in Tulsa county and service of the summons was made on respondent in Craig county, where she resided.

The respondent's theory of the case is that the statute fixes the venue of the action in the county of her residence, and that the service of the summons from the district court of Tulsa county did not confer jurisdiction upon that court to try and determine the matter involved.

The authorities cited do not apply in this case, where the respective rights of the original parties are determined and adjudicated by the judgment, and the only question involved is whether or not the judgment has been satisfied and the defendants are entitled to the discharge and release of same of record.

In 34 C. J. 725, § 1118, we find the following:

"Where a judgment creditor has received actual payment of the judgment or any equivalent therefor, or the obligation of the judgment is otherwise discharged, but he refuses to acknowledge or enter satisfaction, the court having control of the judgment may compel him to satisfy it, or may order satisfaction to be entered officially. . . . The duty to satisfy of record a judgment or decree, upon full performance by the party bound thereby, follows as a necessary incident of the power of the court to enforce its orders and prevent an abuse of its process, and therefore in ordering satisfaction upon application therefor, the court acts judicially."

An assignee of a judgment is in the same position as the original judgment creditor in respect to its enforcement or satisfaction.

Judgment affirmed.

GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., absent.