## JUPE v. JUPE.

No. 32339. Jan. 15, 1946.

*166 P. 2d 769.*

Ross N. Lillard and A. K. Little, both of Oklahoma City, for plaintiff in error.

Hal Whitten, of Oklahoma City, for defendant in error.

PER CURIAM. Plaintiff, Gladys C. Jupe, obtained a judgment against defendant, Frank T. Jupe, on May 10, 1945, for divorce, alimony and division of property. Motion for new trial was filed by defendant on May 12, 1945, overruled on May 25, 1945, said order overruling motion for new trial being filed July 12, 1945. Defendant appeals. Plaintiff has filed a motion to dismiss the appeal on the ground that the written notice of appeal prescribed by 12 O. S. 1941 § 1280 was not filed in the lower court. Said section provides in part as follows:

"A party desiring to appeal from a judgment granting a divorce, must within ten days after such judgment is rendered file a written notice in the office of the clerk of the court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment. If notice be filed as aforesaid, the party filing the same may commence proceedings in error for the reversal or modification of such judgment at any time within four months from the date of the decree appealed from and not thereafter . . . "

This statute has consistently been held mandatory and jurisdictional. LaDue v. LaDue, 23 Okla. 323, 100 P. 513; Orcutt v. Orcutt, 25 Okla. 855, 108 P. 373; Rogers v. Rogers, 38 Okla. 195, 132 P. 473; Reynolds v. Reynolds, 94 Okla. 114, 221 P. 109; Butler v. Butler, 124 Okla. 245, 255 P. 580.

Defendant insists, however, that at the time of overruling the motion for new trial the clerk made the following minute on the minute journal of said court:

"Ent. Motion for New Trial overruled, exc., and defendant gives notice of appeal in open Court, Clerk directed to enter same on trial docket; 30-3-3 in addition to statutory time allowed to make and serve case-made, all as per J. E.

"(Van Meter)."

He further contends that such docket entry constituted written notice in compliance with section 1280, supra, under the decision of this court in Allred v. Allred, 131 Okla. 55, 267 P. 842, wherein we held that such notice was necessary but that the filing within ten days after the overruling of the motion for new trial of a journal entry of judgment reciting that the defendant in open court gave notice of appeal was a sufficient compliance with the provisions of said section. It is apparent that the facts herein do not bring this case within said rule. So far as relates to divorce, the case is governed by Wilson v. Wilson, 144 Okla. 234, 291 P. 94, and insofar as defendant seeks to have reviewed the decree relating to divorce, the appeal is dismissed.

Defendant urges that even if the motion to dismiss his appeal as to divorce is sustained, the court should retain jurisdiction of and pass upon the appeal insofar as it relates to division of property and the granting of alimony to plaintiff. It appears that defendant has complied with the general provisions of the statute relating to appeal in cases other than as relates to divorce.

In Montgomery v. Montgomery, 41 Okla. 581, 139 P. 288, we held that on an appeal from a decree of divorce in which the property was divided between the parties, the giving of the ten-day notice of appeal was necessary before any question concerning the divorce could be received, but that the order of the trial court dividing the property was separable from the de-

cree of divorce, and that assignments of error relating to the division of the property would be considered if the appeal was properly perfected under the general provisions of the law relating to appeals. This case was followed in Howell v. Howell, 42 Okla. 286, 141 P. 412, and Allred v. Allred, supra.

In Linkugel v. Linkugel, 74 Okla. 298, 183 P. 55, the appeal was from a decree awarding a divorce, alimony and the custody of a minor child. The appeal was dismissed for failure to file the notice of appeal required by section 1280, but the appeal also involved property rights and the custody of children. The appeal was dismissed in its entirety. Insofar as the appeal involved other rights than divorce, the opinion therein is erroneous.

The appeal from that part of the judgment granting the decree of divorce is dismissed, but jurisdiction of that part relating to alimony and division of the property is retained.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.