ESTES v. ESTES.

No. 32663.   Oct. 12, 1948.

Rehearing Denied Jan. 8, 1949.

*201 P. 2d 791.*

Frank Nesbitt and Nellie Nesbitt, both of Miami, for plaintiff in error.

A. L. Commons, of Miami, for defendant in error.

LUTTRELL, J. Melvin B. Estes brought this action for divorce against Lola Estes on September 5, 1945. The ground of divorce alleged in the petition was that the defendant deserted and abandoned plaintiff on July 28, 1944, and had ever since refused to live with him. Defendant, by answer and cross-petition, sought a divorce on the ground of gross neglect of duty and extreme cruelty, and prayed for a division of property. The trial court found that the defendant had abandoned and deserted plaintiff and awarded plaintiff a divorce. The trial court also divided the property between plaintiff and defendant. Plaintiff appeals from that part of the judgment dividing the property.

Plaintiff contends that the trial court erred in fixing the value of land acquire by the parties during coverture, and in its finding as to the amount of the mortgage against said land. From the evidence it appears that plaintiff was a farmer; that he and defendant were married in 1933, and lived together until defendant abandoned him on July 28, 1944, and that no children were born of said marriage. At the time the parties were married they owned no real estate, but during their marriage they acquired title to 257 acres of land in Ottawa county; 40 acres of this land was acquired at one time and 217 acres at a different time. Plaintiff testified that the 217 acres was subject to a real estate mortgage which, on October 16, 1945, had been reduced until the unpaid balance was $5,024; that such balance was payable in semi-annual installments of $222.86, and that three payments thereon had been made since defendant deserted him. The trial court found that the reasonable value of the 257 acres of land was $15,420, and that on the date of the abandonment of plaintiff by defendant the balance due on the mortgage was $5,693.37. It further found that the money to make a payment of $222.86, which was made on August 15, 1944, shortly after defendant abandoned plaintiff, had been earned prior to her abandonment, and

gave defendant credit for one-half of said amount. It allowed defendant approximately one-half of the value of the land over and above the mortgage, the specific amount of such allowance not being stated in his finding, but by calculation amounting to $4,975.

Examination of the record discloses that the valuation placed upon the land by the trial court is amply sustained by the evidence.

Likewise, the finding as to the amount of the mortgage against the property at the time defendant deserted plaintiff is not clearly against the weight of the evidence. Apparently, the court added to the sum of $5,025, the amount of the mortgage as testified to by plaintiff, the three payments of $222.86 made by plaintiff a f t e r defendant abandoned him, and thus arrived at the amount of the mortgage on the date the defendant abandoned plaintiff. This was a. proper method of arriving at the amount of the mortgage at that time. We conclude that the judgment of the trial court, in so far as its award to defendant for her proportionate part of the value of the land acquired by the parties during coverture is involved, is not clearly against the weight of the evidence. The method pursued by the trial court in setting apart the property to plaintiff and requiring him to pay the defendant a sum of money in lieu of a division in kind is expressly authorized by 12 O. S. 1941 § 1278.

Plaintiff also complains that the trial court erred in awarding defendant an additional amount as her interest in personal property acquired by the parties after coverture. The trial court found that at the time of the marriage the plaintiff owned personal property of the value of $4,000; that at the time of the separation his personal property was of the value of $6,550, and allowed

defendant one-half of the difference in value, being the sum of $1,275. Plaintiff testified that at the time of the marriage he owned personal property of approximately the same value as that owned by him at the time of separation, and that some of the property owned by him at the time of separation had been acquired by trading in the old property, or acquiring new property in lieu thereof. He listed and valued the personal property owned by him at the time of separation, but made no attempt to list or value property owned by him on the date of his marriage. He testified that in April of 1945 he bought a truck, which he still owned, of the present value of $1,400; that he had a 1939 Chevrolet car; that he had about 75 tons of Sargo worth at least $10 a ton, and government bonds of the value to $300. He did not specifically testifiy t h a t this property replaced property owned by him at the time of his marriage. Defendant testified that at the time of the marriage plaintiff did not have a truck, or some of the other personal property listed by him, and that some of such property had been acquired after marriage. The evidence on the value of property owned by plaintiff at the time of marriage as compared to the present value of the property owned by him is anything but clear, and the trial court evidently concluded that the Sargo, truck, car, a n d some other personal property owned by him at the time of separation, was property jointly acquired during coverture in which defendant was entitled to share. From examination of the record, we cannot say that the judgment of the trial court in this respect was clearly against the weight of the evidence.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur.