**Olga F. HARTIG, Plaintiff in Error,**

v.

**Clemens M. HARTIG, Defendant in Error.**

No. 36409.

Supreme Court of Oklahoma.

Nov. 23, 1954.

the court from which the appeal is sought to be taken within ten days after the overruling of motion for new trial, is a prerequisite to an appeal from a decree of divorce."

Appeal dismissed.

**V. C. COUCH, Petitioner,**

v.

**Paul L. WEAVER and the State Industrial Commission, Respondents.**

No. 35670.

Supreme Court of Oklahoma.

Nov. 23, 1954.

Houts & Houts, Alva, Blase A. Bonpane, Los Angeles, Cal., for plaintiff in error.

Mauntel & Doolin, Alva, for defendant in error.

ARNOLD, Justice.

This is an appeal from an order granting a divorce. The final order was entered November 5, 1953. The appeal was filed March 24, 1954. A motion to dismiss has been filed for the reason there was no written notice of appeal given as provided by 12 O.S.1951 § 1280. The motion to dismiss must be sustained. In Jupe v. Jupe, 196 Okl. 447, 166 P.2d 769 it is stated:

"Under 12 O.S.1941 § 1280, a written notice of appeal, duly entitled in the action, and filed with the clerk of