The CHOCTAW AND CHICKASAW MISSIONARY BAPTIST ASSOCIATION, etc., Plaintiff in Error,

v.

A. P. MATTHEWS and Salina Matthews, Assignee of Judgment, Defendants in Error.

No. 37192.

Supreme Court of Oklahoma.

Nov. 20, 1956.

Rehearing Denied Dec. 18, 1956.

Wallace W. Gates, Durant, for plaintiff in error.

O. A. Brewer and D. A. Stovall, Hugo, for defendants in error.

CARLILE, Justice.

In June, 1951, A. P. Matthews instituted this action in the District Court of Atoka County against The Choctaw and Chickasaw Missionary Baptist Association, if in business, and out of business and liquidated then the Trustees, successors, creditors, claimants, beneficiaries and assigns, if any, of said association, and alleged in his petition that he purchased from the last known Trustees of the defendant association, a non-profit unincorporated group, all of the assets and property rights of the association, and that the last known Trustees of said association of which he had knowledge were dead; that by reason of the lack of judicial determination and of any recorded voluntary dissolution of the association a cloud remained against plaintiff's title and interest in and to the property and assets which he acquired from the association. No specific description of the property is

set forth in the petition. He further alleged that it was necessary that his right to the said assets be judicially determined, and prayed judgment decreeing plaintiff to be the legal assignee and successor to all assets and property rights of the defendant association. Service on the defendant was made by publication, and on August 14, 1951 default judgment was rendered in which plaintiff was adjudged and decreed to be the legal successor of The Choctaw and Chickasaw Missionary Baptist Association, and as such entitled to all right, title and interest in and to the property and assets of the defendant association, and defendants were enjoined from asserting any title or interest in and to such property and assets. On August 20, 1951 an assignment of the said judgment was made by the plaintiff to his wife, Salina Matthews, and the same filed in the case. On July 16, 1952 there was filed in said case an instrument entitled "Application to Dismiss Judgment" by Joseph Henry, who was referred to therein as the President of the said named defendant association, which application was overruled. On April 7, 1953 there was filed in the said court and case a motion in the name of the defendant association by Wallace Gates, attorney, to vacate, set aside and hold for naught the purported default judgment in favor of the plaintiff, and as grounds therefor stated that the defendant was constructively summonsed and had no knowledge or notice of the pendency of the case until recently, and alleged that the defendant association was and had been in existence continuously for a period of many years with more than 23 churches and over 650 members of the Choctaw-Chickasaw Tribe of Indians in Oklahoma; that the defendant association had no opportunity to appear and defend in the action, and alleged that the said judgment was obtained by the fraud of plaintiff, who brought the action in Atoka County in order to obtain judgment without the knowledge of defendant. The movant further alleged that the defendant association had a valid defense to the action, as set forth in its answer attached to the motion,

and moved the court to open the judgment and permit the defendant to defend, and that its said answer be filed to plaintiff's petition. The proposed answer alleged that the association named as defendant was one and the same association as The Choctaw and Chickasaw Baptist Association, and further denied that the plaintiff had or held any valid assignment of the property and assets of the association, and denied that any trustee or officer of the defendant association had any authority to assign or transfer any of the assets of the association, and alleged that plaintiff and his wife, Salina Matthews, conspired to obtain the default judgment against defendant and to defraud the defendant out of money coming to it from the per capita payment arising from the sale of coal and asphalt lands of the Indian Government by and through the will of Billy Gibson, deceased, a full-blood Choctaw Indian whose will was probated in the County Court of Choctaw County, and a copy of the decree of distribution in said estate was made a part of the answer. A summons was issued in the proceeding to open the judgment and personally served on A. P. Matthews in Los Angeles, California, and upon Salina Matthews in Choctaw County, notifying them that the motion had been filed to vacate and set aside the judgment in favor of the plaintiff, and that they must answer the motion within thirty days of the service. A. P. Matthews filed a response to the motion and denied that The Choctaw and Chickasaw Baptist Association and the attorney, person or persons appearing in the matter was a party to the action, and denied that they had any authority to appear for the defendant, and asserted that there was no issue within the court's jurisdiction as between the plaintiff and the person or persons claiming a right to open the judgment, and that the movants were strangers to the proceeding.

Salina Matthews, assignee of the default judgment in favor of the plaintiff, filed special appearance and motion to quash the summons on the ground that the same was not issued, served and returned according to law, which motion was by the court over-

ruled on September 8, 1953. Thereafter, on October 3, 1955, at a final hearing in the proceeding the court set aside its previous order overruling the special appearance and motion of Salina Matthews and sustained the motion to quash summons. In October, 1953 Salina Matthews, by her then attorney, filed a special appearance and motion to quash the summons on the ground that she was not a party to the action and that the venue of the action as against her was in Choctaw County, the place of her residence. The record does not show any ruling of the court on her second motion to quash. The first hearing on the motion to open the default judgment was had on March 9, 1954, and a subsequent hearing was had in November, 1954, and thereafter, on June 14, 1955 the matter came on for further hearing, at which time the court denied the motion to vacate the judgment and the movant gave notice of appeal from the ruling of the court and was granted additional time to make and serve case-made. Thereafter, on October 3, 1955 all parties appearing, the court ordered that the ruling of the court heretofore made on June 14, 1955 be set aside, overruled and held for naught, and the case was reopened for additional testimony. Thereupon additional testimony and evidence was introduced and at the conclusion thereof, all parties having rested, the court ruled that the motion of defendant to vacate and set aside said judgment and allow defendant to defend be overruled, and the motion was denied, to which order and judgment the defendant excepted, and upon overruling of motion for a new trial the defendant gave notice of appeal and has filed its appeal herein.

We will refer to the plaintiff in error, who was defendant below, as movant or as defendant, and to the defendant in error as plaintiff.

While the motion involved is entitled one to vacate the judgment it is apparent from the motion and order thereon that it was a motion to open the judgment and be let in to defend, pursuant to the provisions of Title 12, § 176, O.S.1951, which is in part as follows:

"A party against whom a judgment or order has been rendered without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, or other evidence that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; but the title to any property, the subject of the judgment or order sought to be opened, which, by it, or in consequence of it shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment."

In Bagsby v. Bagsby, 184 Okl. 627, 89 P.2d 345, 349, 122 A.L.R. 155, which involved the construction of the above quoted statute, the opinion states:

"It should be borne in mind that the statute under which we are proceeding does not contemplate the vacating of a judgment, but the opening up of a judgment, so that the defendant may be let in to defend or take other action on the merits of the case."

and the second syllabus of the case reads:

"Where a defendant, within three years after rendition of a judgment based upon service only by publication in a newspaper, filed a petition to vacate such judgment, and caused summons to be served upon the adverse party, said summons is equivalent to 'notice' required by Section 189, O.S.

1931, 12 Okl.St.Ann. § 176, if the case otherwise falls within the provisions of that section."

The case of Bradshaw v. Eudaly, 202 Okl. 640, 217 P.2d 522, 523, holds:

"The statute, 12 O.S.1941 sec. 176, authorizing defendants to have default judgments, rendered on service by publication, opened at any time within three years after dates of such judgments, is remedial and should be construed liberally in furtherance of justice."

"A proceeding by petition and summons thereon to open a judgment, pursuant to the authority granted by 12 O.S.1941 sec. 176, is a special proceeding."

The plaintiff Matthews, in support of his judgment and the holding of the trial court denying the motion, in his answer brief filed herein calls attention to the application to vacate the judgment which was filed by Joseph Henry, who described himself as President of the defendant association, and asserts that such application or motion raised non-jurisdictional questions and constituted a general appearance by the defendant association and was a bar to the subsequent motion filed by the defendant in April, 1953, and cites the case of Willett v. Blake, 39 Okl. 261, 134 P. 1109, which holds that a general appearance by motion to vacate a judgment is a bar to a subsequent motion to open judgment. The application of Henry to vacate the judgment did not set up any grounds or reason why the application should be granted and the same was overruled. In the absence of a showing that Joseph Henry was authorized by the defendant association to appear and file the motion on behalf of the association it will be considered and held only as a personal appearance by the individual and not as an appearance by the association. The defendant association objected and excepted to the introduction in evidence of the deposition of the plaintiff, A. P. Matthews, and to which previous written objection had been filed on the ground that no sufficient time had been given defendant to appear. The objection shows the notice was received by the defendant on March 1, 1954 and that March 3rd was the date of the taking of the depositions. The record does not contain the notice given the defendant and the certificate of the Notary before whom the deposition was taken states that the deposition was set on March 4, 1954. The record is such that we are unable to determine if there was error in the admission of the deposition. Furthermore, no objection was made to the testimony therein on the ground that it was incompetent or immaterial, and it is not pointed out wherein the testimony was prejudicial, it appearing that the testimony related principally to the basis of the original judgment and not to the motion to open the same.

The judgment in favor of plaintiff, which was sought to be opened, was assigned shortly after it was granted to Salina Matthews, wife of the plaintiff, which assignment was filed in the case. She was personally served with notice of the motion to open the judgment by summons, with copy of the motion attached thereto, which was equivalent to the notice required under the statute. Bagsby v. Bagsby, supra. Salina Matthews, assignee of the judgment, filed a special appearance motion to quash the summons on the ground that it was not issued, served and returned according to law, which motion was overruled, but thereafter the court vacated its order, overruling the motion, and sustained the same, holding that Salina Matthews was not a party to the proceeding. Prior to the last ruling on her motion to quash she filed a second special appearance and motion to quash wherein she asserted that she was a resident of Choctaw County and was entitled to be sued in the county of her residence; that she was not a party to the action and that the court was without jurisdiction as to her. Counsel for the defendant association asserts in its brief that the original order overruling the first motion of Salina Matthews was made by agreement with her then attorney upon condi-

tion that additional time be granted her to plead in the matter, and the ruling and action of the court in vacating its first order overruling the special appearance and motion and thereafter setting aside the order and sustaining the special appearance and motion is assigned as error. The trial court, in vacating its original order overruling the special appearance and motion of Salina Matthews, stated:

"The Court hereby sets aside the ruling whereby it overruled the Motion to Quash as to Salina Matthews, for the reason this Court overruled said Motion of Salina Matthews as there was an agreement between attorneys, Memminger & Cook for the plaintiff and Wallace W. Gates, attorney for the applicant or defendants in this case, and immediately thereafter attorneys for Salina Matthews asked permission of the Court to withdraw from the case as attorneys for Salina Matthews, which was by the Court allowed, and the Motion of Salina Matthews is this day sustained by this Court. To which the defendant excepts and exception allowed."

We consider the ruling of the trial court in sustaining the motion of Salina Matthews to quash the summons served on her as a material error and prejudicial to the defendant association, not because of any agreement of the attorneys, but because she was the assignee of the judgment, and notice to her of the motion to reopen judgment was sufficient and in compliance with the statute. Counsel for Salina Matthews, assignee of the judgment, presents the erroneous theory that she is a purchaser in good faith of the original judgment and as such her rights would not be affected by opening or vacating the judgment, and that she is a purchaser in good faith under Title 12, § 176, O.S.1951.

█ 49 C.J.S., Judgments, § 528, p. 981, relating to assignment of judgment, states in part as follows:

"The assignee stands in no better position than the original plaintiff, and

the judgment may be reversed, vacated, set aside, or enjoined in the assignee's hands for the same reasons which would justify such action if it remained in the hands of the original plaintiff."

"When an assignment of a judgment, duly executed, has been recorded in the court where the judgment was entered, or where it has been sent on appeal, or other legal transfer, it operates to, and does in fact, transfer both the legal and equitable title thereto to the assignee, and the assignor thereafter has no greater right or interest therein than ony other stranger to the record." Stein v. Scanlan, 34 Okl. 801, 127 P. 483, 484.

█ In Gupton v. Western Kennel Club, 193 Okl. 462, 145 P.2d 179, the assignee of a judgment there contended, as does the assignee in the present action, that since she lived in a county other than the one in which the judgment was obtained then the venue of the action as to her was in the county of her residence, but the court in that case held otherwise, and the third syllabus reads as follows:

"An assignee of a judgment is in the position as the original judgment creditor in respect to its enforcement or satisfaction."

Smith v. Citizens Nat. Bank in Okmulgee, 204 Okl. 586, 232 P.2d 618, 619, holds:

"Where the interest of a judgment creditor is assigned to a third party, the court may permit further proceedings in the name of the original judgment creditor, or may order the name of the assignee substituted. Sec. 235, 12 O.S.1941."

Salina Matthews, as assignee of the judgment, acquired no greater or different right in the action and the proceeding to open the judgment than her assignor had. Notice to him of the motion to open the judgment would have been sufficient so long as he owned the judgment and the same rule would apply to the assignee, who was a

necessary party to the proceeding. At a hearing on the motion to open the judgment the trial court stated:

"The question is, even if I should set the judgment aside, where would that put things. Mrs. Matthews isn't in court."

The record does not show any specific finding in support of its action in overruling the motion, but the court did not consider Salina Matthews a party to the proceeding, and apparently attached much importance thereto. A party who purchases and takes an assignment of judgment is not a purchaser in good faith within the meaning and provision of Title 12, Section 176, which relates to the opening of a judgment based on service by publication. The assignee of a judgment acquires only such rights as the assignor had under the judgment. In the opinion in the case of Wilkin v. Shell Oil Co., 10 Cir., 197 F. 2d 42, 48, it is stated:

"A party plaintiff to an action who obtains a judgment therein and purchases at a judicial sale made under such judgment is not a 'purchaser in good faith' within the meaning of that phrase in 12 Okl.St.Anno. § 176, and if the judgment is vacated for error, irregularity, or fraud, the title of such purchaser fails. The defeasible quality of the title acquired by such a purchaser is engrafted upon it by operation of law. If such a purchaser conveys his title to another, the vendee is charged with notice, with respect to which he may not assert ignorance, that his vendor's title is defeasible, that his vendor is not a purchaser in good faith under § 176, supra, and that if his vendor's title fails, by reason of the reversal or vacation of the judgment, the title acquired by him, as vendee, will also fail."

The opinion in the preceding case cites as authority the decision of this court in Morgan v. City of Ardmore, 182 Okl. 542, 78 P.2d 785, 786, which holds:

"Section 465, O.S.1931, 12 Okl.St. Ann. § 774, which provides that 'if any judgment or judgments, in satisfaction of which any lands or tenements are sold, shall at any time thereafter be reversed, such reversal shall not defeat or affect the title of the purchaser or purchasers' has no application to a case where the judgment creditor purchases the land at the sheriff's sale, nor to the grantee of such purchaser."

In view of our conclusion that a material and prejudicial error of law was committed in sustaining the special appearance and motion to quash summons filed by the assignee, Salina Matthews, and which requires a reversal of the judgment and a re-trial in the proceeding, we deem it unnecessary to discuss or consider the sufficiency of the evidence or lack of it to sustain or deny the motion to open the judgment, or the right of the movant to appear and maintain the proceedings, and upon a re-trial in the proceeding, the District Court will hear and determine the issues upon the evidence then presented.

We conclude and hold that the order of the District Court should be and is hereby reversed, and the case remanded to the District Court with direction to grant the movant, defendant below, a new hearing and trial on its motion, and to proceed in accordance with the views herein expressed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.