**Ina Don SILER (Malson), Plaintiff in Error,**

v.

**Guy SILER, Defendant in Error.**

**No. 38334.**

Supreme Court of Oklahoma.

Feb. 2, 1960.

As Corrected March 12, 1960.

Rehearing Denied March 15, 1960.

Miskovsky & Miskovsky, and Marian P. Opala, Oklahoma City, for plaintiff in error.

John L. Smith and G. M. Fuller, Oklahoma City, C. H. Spearman, Edmond, for defendant in error.

HALLEY, Justice.

Guy Siler and Ina Don Siler were husband and wife and were the parents of two children. On February 28, 1955, Ina Don deserted Guy and took the two children with her. Carrie Lou was age 4 and Billy Don was age two. She left Oklahoma with the children and went to California. On March 3, 1955, Guy Siler brought suit for divorce in the District Court of Oklahoma County and proceeded to obtain service by publication. On April 20, 1955, a default judgment was taken in favor of Guy Siler and against Ina Don Siler for a divorce, all jointly acquired property and the custody of the children. Ina Don Siler had no actual notice of the divorce proceedings. Parties will be referred to as in the lower court or by name.

On the 23rd of September, 1955, the plaintiff obtained the custody of the children in California and returned them to Oklahoma where they lived with him until August, 1956. On August 10, 1956, the defendant filed a motion to modify the decree of divorce as to the custody of the children.

After a hearing on September 6, 1956, the custody of the minor children was transferred to their maternal grandparents.

On April 4, 1957, the plaintiff filed a motion to modify seeking full and complete custody of the two children. He had married again.

On June 26, 1957, the defendant filed a motion to open the default judgment taken against her in order that she could assert her claim to an equitable division of the jointly acquired property. No question has been raised as to the regularity of the proceedings to open the default judgment.

On June 27, 1957, defendant filed a response to plaintiff's motion to modify.

On January 31, 1958, the trial court made findings of facts and conclusions of law.

The defendant's application to open the default judgment was denied. The original judgment as to the custody of the children was modified to the extent that the children were to be with the plaintiff, their father, for the months of September to June and to be with the defendant, their mother, for the months of June, July and August. There were certain provisions as to support money and travel expenses which are not involved here.

The defendant filed a motion for new trial which was overruled and she has appealed to this Court. She sets up two grounds for reversal as follows: 1. The refusal of the trial court to open up the default judgment and permit her to assert her claim as to the jointly acquired property. 2. The refusal of the trial court to award her the custody of the children.

We will discuss these questions in the above order.

■ The defendant had three years from April 20, 1955, to have the judgment entered on that date opened and she be allowed to defend. 12 O.S.1951 § 176.

The defendant has no desire to set aside the divorce decree as to matrimonial status but she does want to have the judgment opened as to the jointly acquired property in order that there be an equitable division thereof. This she claims has been denied her and she is not estopped by her second marriage to assert her right to an interest in such property.

Our attention has not been called to a case which is "on all fours" with the case at bar but we have held in Jupe v. Jupe, 196 Okl. 447, 166 P.2d 769, that where an appeal is taken from a judgment granting a divorce and awarding alimony or dividing the property of the parties, and the written notice of appeal prescribed by 12 O.S.1951 § 1280, was not filed in the case in the lower court, but the appeal was otherwise duly perfected under the general provisions of the statutes governing appeals, this Court upon the filing of a motion to dismiss because of the failure to file such notice, will dismiss the appeal as to the part of the judgment granting the

divorce, but will retain jurisdiction of the part of the judgment dividing the property or awarding alimony. Section 1280 was amended in 1957 but the amendment no way affects the rule in Jupe v. Jupe, supra. We also held in the Jupe case that Linkugel v. Linkugel, 74 Okl. 298, 183 P. 55, wherein an appeal was dismissed for failure to give the ten day notice was erroneous in so far as the appeal involved other rights than divorce.

This shows clearly we distinguished between those parts of a divorce decree that deal with matrimonial rights and those that deal with property rights.

█ In the case at bar the defendant had helped create the jointly acquired property and in the divorce proceeding was entitled to her equitable share thereof regardless of her fault. Estes v. Estes, 201 Okl. 97, 201 P.2d 791.

It also appears that it is generally recognized that the death of a party in a divorce action after the rendition of the decree granting a divorce does not prevent a judicial review of the decree where property rights are involved. 27A C.J.S. Divorce § 188a, p. 783; Lima v. Lima, 26 Cal.App. 1, 147 P. 233.

Possibly the exact question we have here has been passed upon but we have not discovered it. We think that the defendant in our case here has the right to have the judgment opened so she may establish whatever right she has in the jointly acquired property.

█ As to defendant's second contention that the trial court erred in awarding the children to the father for nine months of the year and to her for three months, we will say that ordinarily children of the age of those here involved should be awarded to the mother, all things being equal. However, this question is one of equitable cognizance and we will approve the judgment of the trial court unless clearly against the weight of the evidence. The best interest of the children is always the prime consideration in child custody cases and where it

appears the trial court has not abused its discretion in the matter this Court will not reverse his judgment. Phillips v. Phillips, Okl., 267 P.2d 597; Hatcher v. Hatcher, 206 Okl. 471, 244 P.2d 580. What was proper here was a very close question but no doubt the fact that the children would be close to their maternal grandparents and would continue to live in the area where they had many relatives and friends weighed heavily with the trial judge. Also the custody of children in a divorce proceeding is subject to change at any time. We will not now interfere with the disposition made in the trial court.

The plaintiff urged that the defendant by seeking a modification of the judgment in the trial court in so far as the child custody was concerned estopped herself from seeking further relief in so far as opening the judgment as to the jointly acquired property. With this contention we cannot agree. The motion filed by defendant on August 10, 1956, had only to do with the custody of the children and did not challenge the jurisdiction of the court to make an order thereon. Defendant entered her appearance but in no way approved the judgment of the court as to jointly acquired property.

█ The motion to open the default judgment as to jointly acquired property was filed on June 26, 1957, within three years from April 20, 1955. We think that under Wise v. Davis, 132 Okl. 65, 269 P. 248 and Bagsby v. Bagsby, 184 Okl. 627, 89 P.2d 345, 122 A.L.R. 155, defendant waived no right by moving to modify the judgment as to child custody and she is entitled to have the original judgment opened in order that she may establish her claim to a share of the acquired property.

The judgment of the trial court is reversed and it is directed to open the judgment of April 20, 1955, and permit the defendant to assert her claim to the jointly acquired property.

The judgment of the trial court of January 31, 1958, is affirmed in so far as it fixes the custody of the children here involved.

**514** ■ 

WILLIAMS, V. C. J., and WELCH, JOHNSON and JACKSON, JJ., concur.

DAVISON, C. J., and BLACKBIRD, IRWIN and BERRY, JJ., dissent.

BERRY, Justice (dissenting).

I am unable to agree with the majority opinion.

The pertinent dates are these:

April 20, 1955, husband obtained the decree in controversy.

August 10, 1956, wife filed motion seeking to modify the divorce decree as to custody of the children.

September 6, 1956, order entered modifying divorce decree as to custody of children.

April 4, 1957, husband filed motion seeking to modify decree as to custody of children.

January 31, 1958, wife filed motion seeking to modify decree as to custody of children and also sought to defend as to property rights.

The trial court found and held that wife "by her general appearance in these proceedings on September 6, 1956, and her prayer for affirmative relief directed to this court, the defendant (wife) is bound by the terms of the judgment of this court and is estopped from, and has waived her right to subsequently assert the inconclusiveness of the judgment of this court."

I am of the opinion that the foregoing conclusion is in keeping with well-established principles of law.

In Stephenson v. Hammons, Okl., 308 P.2d 317, 318, this was said in the first paragraph of the syllabus:

"1. If a defendant invokes the jurisdiction of the court upon any question except that of the power of the court to hear and decide the cause, the appearance is general."

See also Jameson v. Harvel, 139 Okl. 39, 280 P. 1080; Hecker v. Sadler, 176 Okl. 34, 54 P.2d 382, and cases cited under 3 Okl.Dig., Appearances, 

At page 326, 27A C.J.S. Divorce § 93b. Appearance, this is said:

"The general rules as to appearances, * * * usually apply to appearances in divorce proceedings. * * *"

In Reineke v. Northerner, 119 Ind.App. 539, 84 N.E.2d 900, 902, the appellate court said this:

"(4) It is apparent that the Daviess Circuit Court acquired jurisdiction over the person of the appellant when the appellee brought suit for divorce and she came into court seeking and obtaining custody of her infant child. * * *"

I respectfully dissent.